## 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉

HELEN B. WHITLOW v. JOHN OLVIN GRUBB AND GLADYS GRUBB BOHON.

June 18, 1956.

Record No. 4524.

Present, Hudgins, C. J., and Eggleston, Buchanan, Miller, Smith and Whittle, JJ.

The opinion states the case.

*L. S. Herrink, Jr.* (*W. A. Alexander, Herrink & Herrink*, on brief), for the appellant.

*M. S. McClung* (*Furman Whitescarver*, on brief), for the appellees.

HUDGINS, C. J., delivered the opinion of the court.

This appeal was awarded Helen B. Whitlow to review a decree fixing and adjudicating the boundary line between a tract of land owned by her and a tract owned by John Olvin Grubb and Gladys Grubb Bohon.

The appeal will have to be dismissed because appellant failed to comply with elementary rules of appellate procedure.

The manuscript record contains the pleadings, the opinion of the trial court, the decree, nineteen exhibits, which include twelve plats

made by different surveyors of the two tracts of land involved and other nearby tracts, seven deeds, and 222 pages of the transcript of the testimony of thirteen witnesses heard by the judge without a jury. The printed record contains copies of the pleadings (bill and answer), the final decree of the court, and very short extracts from the transcript of the testimony of only three witnesses.

The printing of the bill and answer when no objections are raised thereto violates Rule 5:1 § 6(e) of the Rules of Court. Appellant's failure to have the opinion of the judge printed violates Rule 5:1 § 6(d) of the Rules of Court. Her failure to have printed everything germane to the assignments of error violates the intent and purpose of the various sections of Rules of Court dealing with printing, and particularly is misleading in view of Rule 5:1 § 6(f), which is:

"It will be assumed that the printed record and the original exhibits contain everything germane to the errors assigned, and that other parts of the record do not show that an error is harmless or that a defective instruction is cured or that other evidence supports the verdict or judgment.

"However, this Court may, at the instance of counsel or of its own motion, consider other parts of the record."

It was not the intent and purpose of the Rules of Court dealing with appellate procedure to impose upon the court the burden of studying all the testimony introduced in the trial court to ascertain what part of it is pertinent to the assignments of error. This is a duty imposed upon the attorneys for the litigants. The brief of appellant in this case presents one case, and that case is somewhat inconsistent with her answer. The brief of appellees presents another case supported by the manuscript record but not embraced in the printed record. The notes of the surveyors, the twelve plats and the seven deeds filed as exhibits are unintelligible unless considered with the testimony of the witnesses explaining them and showing their applicability to the boundaries of the two tracts of land involved. This explanation is accomplished in the manuscript record but not in the printed record.

While it is highly desirable to keep the cost of printing as low as possible for the benefit of litigants, it is equally as important to have that part of the manuscript record pertinent to the assignments of error printed so that it will not be necessary for every member of the court to study the entire manuscript to determine the vital issues involved.

The rules of appellate procedure are simple, brief and expressed in unambiguous language. We have said repeatedly that compliance with them is necessary for the orderly, fair and expeditious administration of justice. *Vick* v. *Siegel,* 191 Va. 731, 736, 737, 62 S. E. 2d 899; *Skeens* v. *Commonwealth,* 192 Va. 200, 203, 64 S. E. 2d 764; *Avery* v. *County School Board,* 192 Va. 329, 330, 331, 332, 333, 334, 64 S. E. 2d 767; *Hall* v. *Hall,* 192 Va. 721, 724, 66 S. E. 2d 595; *Hundley* v. *Commonwealth,* 193 Va. 449, 454, 69 S. E. 2d 336; *Bonich* v. *Waite,* 194 Va. 374, 375, 73 S. E. 2d 389; *Farrow* v. *Commonwealth,* 197 Va. 353, 89 S. E. 2d 312; *Hiner* v. *Wenger,* 197 Va. 869, 91 S. E. 2d 637; *DeMott* v. *DeMott,* 198 Va. 22, 92 S. E. 2d 342.

In *Bonich* v. *Waite, supra,* Mr. Justice Eggleston, speaking for the court, said ". . . . the evidence incorporated in the printed record is so abridged that it fails to give a full and true picture of the facts developed before the jury. While an abbreviation of the printed record is highly desirable, the rule contemplates that for the information and convenience of the court the designations embrace so much of the proceedings below, including all material evidence, as is pertinent to a full consideration of the assignments of error."

We again emphasized the necessity of substantial compliance with the rules in *Farrow* v. *Commonwealth, supra,* in this language: "It is the duty of the appellant or his counsel to present an intelligible record to this court, especially where the sufficiency of the evidence is involved. *Lewis* v. *Commonwealth,* 193 Va. 612, 615, 70 S. E. 2d 293; Rule 5:1, § 6(f). Yet we find that both the printed record and defendant's brief contain practically none of the germane evidence we are asked to hold insufficient to support the verdict. Indeed the printed record contains only the evidence introduced on behalf of the defendant. This failure to comply with the rules governing appeals on so vital an issue is an invitation to dismiss the writ of error."

This warning in substantially the same language was repeated in the opinion announced at the April Session, 1956, in *DeMott* v. *De-Mott, supra.*

The flagrant violations of the Rules of Court compel the dismissal of this appeal. It may not be amiss to say that notwithstanding appellant's failure to comply with the rules of appellate procedure, we have given careful consideration to the manuscript record and are of opinion that the decree of the trial court is correct and would be affirmed if the decision were based on the merits.

*Appeal dismissed.*