# Richmond

ALMETA LAWRENCE V. WILLIE FREEMAN NELSON, ET AL.

January 26, 1959.

Record No. 4882.

Present, All the Justices.

The opinion states the case.

*Herman A. Sacks* (*Sacks & Sacks*, on brief), for the appellant.

*William A. Redfern, Jr.; J. James Davis; Devany & Redfern*, on brief, for the appellees. Submitted on brief by appellees.

I'ANSON, J., delivered the opinion of the court.

This suit was instituted by Almeta Lawrence, hereinafter referred to as the appellant, for specific performance of an oral contract between the appellant's mother, Elnora Freeman, who was deceased at the time of the institution of this suit, and Willie Freeman Nelson, Jafrus Freeman, Jr., Lloyd Freeman and Johnny Freeman, hereinafter referred to as the appellees, to convey to appellant's mother certain real estate upon performance of certain conditions. The trial

court ordered, by agreement of counsel, an issue out of chancery and two questions were submitted to a jury:

"1. Did the respondents Willie Freeman Nelson, Jafrus Freeman, Lloyd Freeman and Johnny Freeman orally promise to convey the property at 1440 Atlantic Avenue, consisting of lots 14 and 15, to Elnora Freeman, upon the condition that Elnora Freeman would pay off the mortgage and pay the taxes on the property?

"2. If you believe there was such an oral agreement to convey the property, did Elnora Freeman substantially comply with her part of the agreement?"

Both of these questions were answered in the affirmative.

After considering the evidence heard *ore tenus* and the findings of the jury, the chancellor in a written opinion held that the agreement relied on was not certain and definite as to its terms and that the acts alleged to have been done pursuant to the agreement could (if proven in a proper action) be fully compensated in damages, and entered a decree dismissing the bill and the amended bill. To this decree we granted an appeal.

The appellant's sole assignment of error is that the decree of the trial court is contrary to the law and the evidence.

The appellees moved to dismiss the appeal and affirm the decree of the lower court on the ground that the appellant has failed to comply with Rule 5:1. § 3(e) of the Rules of this court.

The statement of facts presented to the trial court for certification is very little more than a recital of the allegations in the bill and the amended bill and the questions presented to the jury and its answers. The record is incomplete and omits the necessary summary of the evidence, or a transcript thereof, on which the jury based its findings and the chancellor his decision.

The appellant has not complied with Rule 5:1. § 3(e) of the Rules of this Court.

In *Whitlow* v. *Grubb*, 198 Va. 274, 276, 93 S. E. 2d 134, 135, the late Chief Justice Hudgins said (at 198 Va. 276, 93 S. E. 2d 135): "The rules of appellate procedure are simple, brief, and expressed in unambiguous language. We have said repeatedly that compliance with them is necessary for the orderly, fair and expeditious administration of justice."

An appellant who seeks the reversal of a decree on the ground that it is contrary to the law and the evidence has the primary responsibility of presenting to this court, as a part of the printed record,

the evidence introduced in the lower court, or so much thereof as is necessary and sufficient for us to give full consideration to the assignment of error. *DeMott* v. *DeMott,* 198 Va. 22, 24, 92 S. E. 2d 342, 343; *Farrow* v. *Commonwealth,* 197 Va. 353, 357, 89 S. E. 2d 312, 315; *Lewis* v. *Commonwealth,* 193 Va. 612, 615, 70 S. E. 2d 293, 296.

Where evidence is presented to the chancellor and a jury on an issue out of chancery, and the chancellor, in his decree, does not follow the findings of the jury, and where the evidence on which the decree is based has not been made a part of the record to be considered by us, it is impossible for us to pass on the point that the decree is contrary to the law and the evidence. The decision of the chancellor is presumed to be correct and in this instance is binding upon us. *Larchmont Properties* v. *Cooperman,* 195 Va. 784, 789, 80 S. E. 2d 733, 737; *Tyree* v. *Blevins Funeral Home,* 176 Va. 213, 215, 10 S. E. 2d 571, 572; 1 Mich. Jur., Appeal and Error, § 258 pp. 675, 676.

The decree appealed from is

*Affirmed.*