## Ri𝔠hmond

HENRY G. LUHRING, JR. v. SAM FINLEY, INCORPORATED.

November 28, 1960.

Record No. 5146.

Present, All the Justices.

The opinion states the case.

*Francis N. Crenshaw* (*Baird, Crenshaw and Lanning,* on brief), for the plaintiff in error.

No brief filed on behalf of the defendant in error.

SPRATLEY, J., delivered the opinion of the court.

On June 2, 1959, the trial court, after hearing the evidence in open court, neither party demanding a jury, rendered a judgment in favor of Sam Finley, Incorporated, against W. B. Meredith, trading as W. B. Meredith Construction Company, and Henry G. Luhring, Jr., in the sum of $9, 963.00, with interest and costs. Motions to set

aside, vacate or modify the judgment, as being contrary to the law and the evidence were overruled on June 2 and 16, 1959. On July 31, 1959, Henry G. Luhring, Jr., filed notice of appeal and assignments of error. Rule of Court 5:1, § 4.

On the last mentioned day, a narrative "statement of the facts" was presented to and signed by the trial judge. On August 5, 1959, this statement was filed in the office of the clerk of the trial court. On September 9, 1959, Luhring, by his then counsel, filed with the clerk a designation of the parts of the record he wished printed. Rule 5:1, § 6 (a). He designated only the motion for judgment, the judgment order, the order entered June 16, 1959, overruling his motion to vacate or modify the judgment, his notice of appeal and assignments of error.

The record, with the designation of the parts to be printed, was thereafter duly transmitted to a Justice of this Court. Rule of Court 5:1, § 7. Upon petition of Luhring, a writ of error was awarded him on November 25, 1959.

The parts of the record designated to be printed were printed. Consequently, neither the evidence heard in the trial court, nor the "statement of the facts" filed in the clerk's office of that court is contained in the printed record.

On September 27, 1960, eleven months after the writ of error was awarded, present counsel for Luhring filed, in the Clerk's Office of this Court, a written motion asking us to receive and consider as part of the printed record, a printed copy of the "statement of the facts" in the lower court. During oral argument at the bar of this Court, he further moved that this request be granted.

Rule 5:1, § 6(a) provides that, "Not less than twenty days before the record is transmitted [to the clerk or a justice of the appellate court], counsel for appellant shall file with the clerk [of the trial court] a designation of the parts of the record that he wishes printed. * * *"

The above rule is clear, mandatory and jurisdictional, *Avery* v. *County School Board*, 192 Va. 329, 335, 64 S. E. 2d 767, 771; *Andrews, Executrix* v. *Cahoon*, 196 Va. 790, 796, 86 S. E. 2d 173. Compliance with it is necessary for the orderly, fair and expeditious administration of justice. An appellant who asks us to set aside a judgment on the ground that it is contrary to the law and the evidence has the primary responsibility of designating as a part of the printed

record all of the evidence necessary and material for us to determine that issue. *Lewis* v. *Commonwealth*, 193 Va. 612, 615, 70 S. E. 2d 293; *Bonich* v. *Waite*, 194 Va. 374, 375, 73 S. E. 2d 389; *Farrow* v. *Commonwealth*, 197 Va. 353, 357, 89 S. E. 2d 312; *Hall, Administratix* v. *Miles*, 197 Va. 644, 645, 646, 90 S. E. 2d 815; *Whitlow* v. *Grubb*, 198 Va. 274, 93 S. E. 2d 134; *Lawrence* v. *Nelson*, 200 Va. 597, 599, 106 S. E. 2d 618; Rule 5:1, § 6 (f); 1 Mich. Jur., Appeal and Error, §§ 258 and 259, and cases cited.

A consideration of the "statement of the facts" brought to us in the manner and form here presented would be disobedient to the mandatory provisions of Rule 5:1, § 6 (a), requiring the designation and printing of such a material part of the record, and would amount to an abandonment of the rule.

The printed record is wholly devoid of any evidence, and we are, therefore, unable to determine whether the judgment is contrary to the law and the evidence. Error is not presumed. The presumption is that the judgment of the trial court was supported by good and sufficient evidence. Code, § 8-491 and 1 Mich. Jur., Appeal and Error, § 258.

The judgment of the trial court is affirmed.

*Affirmed.*