**Richmond**

BETTY MAYO, a/k/a LISA LYNN MAYO,
t/a MAYO CAREER SERVICES, INC.

v.

DEPARTMENT OF COMMERCE OF THE
COMMONWEALTH OF VIRGINIA

No. 0130-86

Decided August 4, 1987

COUNSEL

Eric D. White (Morchower, Luxton and Whaley, on brief), for appellant.

Deborah Love Feild, Assistant Attorney General (Mary Sue Terry, Attorney General, on brief), for appellee.

OPINION

**BENTON, J.** — Betty Mayo's license to operate an employment agency was revoked by the Virginia Department of Commerce. Her appeal of that administrative agency decision to the circuit court was dismissed for failure to timely file the petition for appeal pursuant to Rule 2A:4 of the Rules of the Supreme Court of Virginia.[1] Because we conclude that compliance with the time limit specified in the rule is mandatory, we affirm the circuit court's order dismissing her appeal.

---

[1] Rule 2A:4 provides in relevant part:
   (a) Within 30 days after the filing of the notice of appeal, the appellant shall file his petition for appeal with the clerk of the circuit court named in the first notice of appeal to be filed and shall cause a copy of the petition for appeal to be served (as in the case of a bill of complaint in equity) on the agency secretary and on every other party.

The procedural facts that gave rise to this appeal are not complicated. Following a formal administrative hearing, the Department issued its decision on August 19, 1985, revoking Mayo's license to operate an employment agency. On September 4, 1985, Mayo filed a notice of appeal in the Circuit Court of the City of Richmond.[2] After attending to several preliminary matters, including an unsuccessful attempt to obtain from the circuit court a stay of the Department's revocation order, Mayo's counsel filed on November 25, 1985, a notice of hearing on a motion for extension of time for filing her petition for appeal. In response, the Department filed a motion to dismiss for failure to file a timely petition for appeal. After hearing argument on the motions, the trial judge dismissed the appeal on the ground "that the time limitation prescribed in Rule 2A:4(a) is mandatory and jurisdictional; and that this Court has no authority to enlarge or modify the time limitation expressly provided for in Rule 2A:4(a)."

Rule 2A:4(a) requires that a petition for appeal in a proceeding for review brought pursuant to the Administrative Process Act be filed within 30 days after the notice of appeal has been filed with the administrative agency. Generally, rules governing appeal procedures are mandatory and "compliance with them is necessary for the orderly, fair and expeditious administration of justice." *Condrey v. Childress*, 203 Va. 755, 757, 127 S.E.2d 150, 152 (1962)(quoting *Lawrence v. Nelson*, 200 Va. 597, 598, 106 S.E.2d 618, 620 (1959)); *Whitlow v. Grubb*, 198 Va. 274, 276, 93 S.E.2d 134, 135 (1956). Failure to comply with the rules renders an appeal subject to dismissal. *Id.* at 276, 93 S.E.2d at 135-36; *see also Vaughn v. Vaughn*, 215 Va. 328, 210 S.E.2d 140 (1974).

In addressing the mandatory nature of the rules governing appeals to the Supreme Court, the court stated "that the failure to present the petition [for appeal] and the record within the time provided by statute and [the] Rules is fatal." *Condrey v. Childress*, 203 Va. at 758, 127 S.E.2d at 152 (1962); *see also*

---

[2] Rule 2A:2 requires the party appealing from an administrative decision to file, within 30 days after entry of the agency decision, the notice of appeal "with the agency secretary." Because the Department does not contend that Mayo failed to file a notice of appeal with the agency as required by Rule 2A:2 and because the record is not clear as to that issue, we assume for purpose of this decision, as apparently do the parties, that the filing of the required notice of appeal occurred on September 4, 1985, the same date that it was filed in the circuit court.

*Tharp v. Commonwealth*, 211 Va. 1, 175 S.E.2d 277 (1970). We believe that the rationale for dismissing appeals at the appellate court level for failure to comply with time requirements is equally applicable to appeals to circuit courts from decisions of administrative agencies, *viz:*

> [T]he orderly administration of justice requires that certain rules must be obeyed, however technical they may seem to be. This is particularly true of important time limits.

> * * *

> The purpose of the specific time limit is not to penalize the appellant but to protect the appellee. If the required papers are not [timely] filed, the appellee is entitled to assume that the litigation is ended, and to act on that assumption. Litigation is a serious and harassing matter, and the right to know when it is ended is a valuable right.

*Avery v. County School Board*, 192 Va. 329, 331, 333, 64 S.E.2d 767, 768, 770 (1951).

■ Rule 2A:4(a) states that "[w]ithin 30 days after the filing of the notice of appeal, the appellant *shall* file his petition for appeal." (emphasis added). It is well settled that "[w]hen the word 'shall' appears in a statute it is generally used in an imperative or mandatory sense." *Schmidt v. City of Richmond*, 206 Va. 211, 218, 142 S.E.2d 573, 578 (1965); *see also Andrews v. Shepherd*, 201 Va. 412, 414, 111 S.E.2d 279, 281-82 (1959). We can discern no reason to give "shall" a permissive interpretation within the context of the simple and unambiguous language of Rule 2A:4(a). "[A] person aggrieved by a case decision is *required* to follow the appeal procedure . . . by resorting to 'an appropriate and *timely* court action . . . in the manner provided by the Rules of the Supreme Court of Virginia.'" *Kenley v. Newport News General & Non-Sectarian Hospital Assoc., Inc.*, 227 Va. 39, 46, 314 S.E.2d 52, 56 (1984) (emphasis added); Code § 9-6.14:16. Accordingly, we conclude that the time limit of the rule is mandatory.

■ Mayo further asserts that under a "reasonable construction of the Rules of the Supreme Court" the circuit court may extend the time limitation of Rule 2A:4 and consider its action as "fur-

ther proceedings" under Rule 2A:5.[3] We do not agree. The absence of an express provision in Part Two A of the Rules empowering the circuit court to extend the time limits prescribed in Rule 2A:4 is persuasive evidence that no such provision applies to petitions for circuit court review of administrative agency decisions. Furthermore, to hold, as Mayo suggests, that a motion to extend the time limit of Rule 2A:4 constitutes "further proceedings" under Rule 2A:5 would circumvent the clear intent of the scheme laid down in the rules. We believe that the phrase "further proceedings," as used in Rule 2A:5, encompasses only matters arising subsequent to the time an appeal is perfected by the timely filing of a petition for appeal. We hold, therefore, that Rule 2A:5 may not be used by the circuit court to extend the mandatory time limitation found in Rule 2A:4 and that there is no sufficient basis from which to infer that the circuit court has implied authority to extend the time limitation of Rule 2A:4.

Because we determine that the time limitation of Rule 2A:4 is mandatory and that the trial judge was not authorized to extend that time limitation, we conclude that the circuit court did not err in dismissing the petition for appeal which was not timely filed. Accordingly, the decision of the circuit court is affirmed.

*Affirmed.*

Cole, J., and Keenan, J., concurred.

---

[3] Rule 2A:5 provides:

Further proceedings shall be held as in a suit in equity and the rules contained in part Two, where not in conflict with the Code of Virginia or this part, shall apply, but no matter shall be referred to a commissioner in chancery. The provisions of Part Four shall not apply and, unless ordered by the court, depositions shall not be taken.