STATE HEALTH DEPARTMENT SEWAGE HANDLING &
DISPOSAL APPEAL REVIEW BOARD

v.

RAYMOND L. BRITTON, JR.

No. 1108-91-1

Decided September 8, 1992

COUNSEL

John R. Butcher, Assistant Attorney General (Mary Sue Terry, Attorney General, on briefs), for appellant.

Jon C. Poulson, for appellee.

OPINION

**COLEMAN, J.**—We affirm the order of the circuit court which reversed the State Health Department Sewage Handling and Disposal Appeal Review Board's (Board) quashing of a subpoena issued at the request of Raymond L. Britton, Jr., to obtain evidence in an administrative appeal he had pending before the Board.

The appellee, Britton, sought to subpoena as evidence in his administrative appeal before the Board all "applications, documents, and [sewage] permits" issued after 1983, the effective date of the pertinent regulations, relating to five specific subdivisions, and all such documentation pertaining to permits issued after 1983 for sewage systems placed "in fill, adjacent to marshland, and/or within fill placed over former marshland." The Department had denied Britton's application

for a permit to construct an on-site sewage disposal system because the site was on fill material which did not qualify for such a system under the Department's regulations. Through the subpoenaed materials, Britton sought to show that other permittees similarly situated had been issued permits both before and after the denial of his application. By so showing, Britton proposed to prove that if these individuals were legally entitled to a sewage permit, he, too, would be legally entitled to a permit upon the same legal theory. Britton, therefore, has demonstrated that the evidence he sought was relevant because it tended to prove his claim of entitlement to a sewage permit. We conclude that the Board erred in granting the Virginia State Department of Health's (Department) motion to quash the *subpoena duces tecum* for relevant evidence. Accordingly, the circuit court did not err in requiring the Board to issue the *subpoena*.

■ The Board is empowered, "and on request of any party to a case *shall*, issue subpoenas requiring . . . the production of books, papers, and physical or other evidence." Code § 9-6.14:13 (emphasis added). "Shall," when used in a statute, usually connotes a legislative mandate and admits of no discretion on the part of the individual or agency to perform the directed act. *Mayo v. Department of Commerce*, 4 Va. App. 520, 523, 358 S.E.2d 759, 761 (1987). Thus, Code § 9-6.14:13 creates a statutory right, under certain conditions, to a subpoena in an administrative proceeding for parties thereto.

■ The statutory right to a *subpoena duces tecum* in agency proceedings is not unlimited. Code § 9-6.14:13 provides that it "shall [not] be taken to authorize discovery proceedings." Thus, it follows that the items sought by subpoena must be admissible as evidence in the administrative proceeding. To be admissible, evidence must bear "upon relevant fact issues" and "[t]he presiding officers at such proceedings are empowered to . . . receive probative evidence, exclude irrelevant, immaterial, insubstantial, privileged, or repetitive proofs." Code § 9-6.14:12. "Evidence is relevant . . . if it has any tendency to establish a fact which is properly at issue." *Wise v. Commonwealth*, 6 Va. App. 178, 187, 367 S.E.2d 197, 202-03 (1988). "The test establishing relevance is not whether the proposed evidence conclusively proves a fact, but whether it has *any* tendency to establish a fact at issue." *Id.* at 188, 367 S.E.2d at 203 (emphasis added). The Board may quash a subpoena where the evidence sought is irrelevant, inadmissible, or when the subpoena was "illegally or improvidently granted." Code § 9-6.14:13.

■ The Board granted the Department's motion to quash Britton's *subpoena duces tecum*, concluding that, even if the documents Britton sought were relevant, the subpoena placed "an unnecessary burden on the Department." In so doing, the Board erred. While the Board may quash a subpoena as "illegally or improvidently granted," Code § 9-6.14:13, it may not do so merely because it deems as too burdensome the requirement that it identify and produce relevant evidence. Code § 9-6.14:13 creates a right to subpoena evidence that is relevant and admissible. Were the Board vested with discretion to quash a subpoena because compliance would be onerous, the purpose of the statute could be too easily subverted.

Britton's application for a permit had been denied because he sought to install a sewage system in filled land, in violation of Section 4.03.04, Virginia State Board of Health Sewage Handling and Disposal Regulations (Regulations), and on property containing marsh mat, in violation of Section 4.03.01, Regulations.

The Board argues that the other permits Britton sought to subpoena had been illegally issued in violation of the Regulations and, therefore, the evidence would not establish a legal basis for his entitlement to a permit. The Board's preliminary ruling in deciding whether to issue a subpoena, in effect, prejudiced the probative value of the evidence that Britton sought to subpoena and ruled that because it failed to prove entitlement, Britton was not entitled to introduce the evidence. The Board's action confuses the weight or persuasive value of evidence with the relevance of that evidence. The statute does not deny a party access to relevant evidence when, in the Board's judgment, the otherwise relevant evidence might not convince it to act. While the evidence ultimately may not be sufficient to prove Britton's entitlement, he has the right of access to relevant evidence in the Board's possession and control and has the right to have it considered.

Furthermore, Britton does not argue that if the Department had illegally issued sewage permits in the past, as the Board concedes that it did, then he, too, is entitled to an illegal permit. In fact, Britton acknowledges that the doctrine of collateral estoppel is inapplicable to the Commonwealth. Britton's argument is that, if similarly situated permittees were issued sewage permits under a proper and valid construction of the Regulations, he is entitled to a permit under the same construction. Because the subpoenaed documents *may* establish a basis for Britton's entitlement to a permit, they are relevant. *See Wise*, 6

Va. App. at 188, 367 S.E.2d at 203. Consequently, the Board erred in quashing Britton's *subpoena duces tecum*.

■ The Board's error in quashing the subpoena was not harmless. Error is harmless "[w]hen it *plainly appears* from the record and evidence given at the trial that the parties have had a fair trial on the merits and substantial justice has been reached." *Lavinder v. Commonwealth*, 12 Va. App. 1003, 1005, 407 S.E.2d 910, 911 (1991) (quoting Code § 8.01-678) (en banc). Error is not harmless if it "has affected the verdict." *Id.* An erroneous ruling must be reversed on appeal unless " 'it plainly appears from the record and the evidence . . . that' the error did not affect the verdict." *Id.*

We cannot say that the Board's error was harmless. The subpoena sought evidence to establish why persons similarly situated had been issued permits. Only by accepting the Board's representation as to what the evidence would show could we conclude that the error was harmless. Because to do so would be to rule on the sufficiency of evidence not in the record, we cannot conclude that the error was harmless. Accordingly, for the foregoing reasons, we affirm the trial court's order remanding the case to the Board, with instructions to grant Britton's *subpoena duces tecum*.

*Affirmed.*

Koontz, C.J., and Baker, J., concurred.