Charles Preston Pennington

v.

Shelly Lynn Rogers Pennington

September 23, 1992

Case No. (Chancery) 92–115

BY JUDGE JOHN E. WETSEL, JR.

This case came before the Court on the Defendant's Motion to Dismiss this case on the ground that the Plaintiff did not file her appeal from the Juvenile Court to this court within the time prescribed by law. Upon consideration of the record in this case and the memoranda of counsel, the Court makes the following [findings and rulings].

### I. *Findings of Fact*

The record in this case shows the following facts.

This case is before the Court on the appeal of a Final Order of the Winchester Juvenile and Domestic Relations District Court entered April 21, 1992, granting custody of the infant child of the parties to the father.

No notice of appeal of the April 21, 1992, Final Order was filed within ten days.

On May 15, 1992, the Defendant mother filed a Motion for a New Trial or, in the alternative, Motion for Leave to File An Appeal after Ten Days from Entry of Order but Within Ten Days of Knowledge of Said Order and Memorandum.

On July 6, 1992, the Juvenile Court issued a letter opinion granting Defendant's motion to extend the time within which to file an appeal.

On July 13, 1992, the Defendant noted her appeal to this Court.

### II. *Conclusions of Law*

Appeals of Final Orders of the Juvenile Court must be appealed within ten days. Virginia Code §§ 16.1–296 and 16.1–132.

Virginia Code § 16.1–97.1 provides that a motion for a new trial in the district court must be filed within thirty days of the entry of the final order and ruled upon within forty-five days of the entry of the final order and that "[n]othing contained in this section shall operate to alter the . . . requirements for appeal from any judgment of any district court as otherwise provided by law." This section does not empower the district to extend the time period for filing appeals. Moreover, in this case no order granting a new trial was entered within forty-five days of the date of the Final Order, so the Court had no jurisdiction to enter any order granting a new trial after June 7, 1992. *See School Bd. v. Caudill Rowlett Scott, Inc.*, 237 Va. 550, 379 S.E.2d 319 (1989) (neither the filing of post-judgment motions nor the court's taking such motions under consideration extends the twenty-one-day period prescribed by Rule 1:1 or the thirty-day period prescribed by Rule 5:9).

As the Virginia Court of Appeals observed in *Mayo v. Commonwealth*, 4 Va. App. 520, 522–23, 358 S.E.2d 759 (1987):

> Generally, rules governing appeal procedures are mandatory, and "compliance with them is necessary for the orderly, fair and expeditious administration of justice." *Condrey v. Childress*, 203 Va. 755, 757, 127 S.E.2d 150, 152 (1962) (*quoting Lawrence v. Nelson*, 200 Va. 597, 598, 106 S.E.2d 618, 620 (1959)); *Whitlow v. Grubb*, 198 Va. 274, 276, 93 S.E.2d 134, 135 (1956). Failure to comply with the rules renders an appeal subject to dismissal. *Id.* at 276, 93 S.E.2d at 135–36; *see also Vaughn v. Vaughn*, 215 Va. 328, 210 S.E.2d 140 (1974).
>
> In addressing the mandatory nature of the rules governing appeals to the Supreme Court, the Court stated "that the failure to present the petition [for appeal] and the record within the time provided by statute and [the] Rules is fatal." *Condrey v. Childress*, 203 Va. at 758, 127 S.E.2d at 152 (1962); *see also Tharp v. Commonwealth*, 211 Va. 1, 175 S.E.2d 277 (1970). We believe that the rationale for dismissing appeals at the appellate court level for failure to comply with time requirements is equally applicable to appeals to circuit courts from decisions of administrative agencies, *viz*:
>
> [T]he orderly administration of justice requires that certain rules must be obeyed, however technical they may seem to be. This is particularly true of important time limits . . . .

The purpose of the specific time limit is not to penalize the appellant but to protect the appellee. If the required papers are not [timely] filed, the appellee is entitled to assume that the litigation is ended and to act on that assumption. Litigation is a serious and harassing matter, and the right to know when it is ended is a valuable right. *Avery v. County School Board*, 192 Va. 329, 331, 333, 64 S.E.2d 767, 768, 770 (1951).

These rulings and observations apply with equal force to this appeal from the Juvenile Court.

### III. *Decision*

For the foregoing reasons, the Plaintiff's Motion to Dismiss is granted, and this case is dismissed.