COURT OF APPEALS OF VIRGINIA

Present: Judges Baker, Willis and Bray
Argued at Norfolk, Virginia

MARVIN PULLEY

v.          Record No. 0180-95-1          MEMORANDUM OPINION[*] BY
                                          JUDGE RICHARD S. BRAY
DEPARTMENT OF ENVIRONMENTAL                 NOVEMBER 21, 1995
 QUALITY and HENRY L. PULLEY

            FROM THE CIRCUIT COURT OF ISLE OF WIGHT COUNTY
                    E. Everett Bagnell, Judge

        Stephen Merrill for appellant.

        Karen L. Lebo, Assistant Attorney General
        (James S. Gilmore, III, Attorney General, on
        brief), for appellee Department of
        Environmental Quality.

        No brief or argument for appellee Henry L. Pulley.


        Acting on the application of Henry L. Pulley, the Virginia

Department of Environmental Quality (DEQ) issued a Virginia

Pollution Abatement Permit necessary to the operation of a

"hog-feeding facility" in Isle of Wight County.  Marvin Pulley

(appellant) appealed this decision to the trial court.  DEQ

demurred to appellant's bill of complaint,[1] arguing that he had

failed to properly perfect the appeal and lacked the requisite

"standing" to pursue judicial relief.  The trial court sustained

the demurrer, and appellant appeals to this Court.  We affirm the

trial court on the procedural bar and, therefore, decline to

address the standing issue.

_____

        [*]Pursuant to Code § 17-116.010 this opinion is not designated
for publication.

        [1]Appellant's bill of complaint is treated as a petition for
appeal contemplated by Rule 2A:1 et seq.

Judicial review of the disputed DEQ decision is governed by the Administrative Process Act (APA), Code § 9-6.14:1, et seq.; see Code § 62.1-44.29. The APA assures to persons or parties otherwise qualified to challenge a "case decision" a "right to . . . direct review thereof by an appropriate and timely court action . . . in the manner provided by the Rules of the Supreme Court of Virginia." Code § 9-6.14:16(A); see Code § 9-6.14:15.

Rule 2A:2 provides that "[a]ny party appealing from a . . . case decision shall file, within 30 days after . . . service of the final order in the case decision, with the agency secretary a notice of appeal signed by him or his counsel." The "term 'agency secretary' means the secretary of the agency or . . . executive officer . . . ." Rule 2A:1(b). "Within 30 days after . . . filing . . . the notice of appeal, the appellant shall file his petition for appeal with the clerk of the [appropriate] circuit court" and "cause a copy . . . to be served . . . on the agency secretary . . . ." Rule 2A:4(a). The "time limit of the rule [2A:4(a)] is mandatory." Mayo v. Commonwealth, 4 Va. App. 520, 523, 358 S.E.2d 759, 761 (1987).

Here, it is undisputed that appellant delivered a notice of appeal to "a secretary" employed by DEQ at its "regional office" in Virginia Beach, Virginia, on August 18, 1994. On September 20, 1994, appellant instituted the instant cause in the trial court, requesting service of the bill of complaint only on "James S. Gilmore, Attorney General."[2] Thus, neither appellant's notice of

_____

[2]This service was quashed by the trial court on November 30,

appeal nor attendant complaint and related process were properly served on the agency secretary.  Moreover, the bill was not filed within 30 days following the notice in accordance with Rule 2A:4(a).

The trial court, therefore, correctly ruled that appellant's petition was untimely and properly dismissed the appeal. Accordingly, we affirm its decision.

<u>Affirmed</u>.

---

1994.  Appellant first requested service on the proper DEQ official on October 24, 1994.