# CIRCUIT COURT OF SPOTSYLVANIA COUNTY

Herbert W. Lux, Jr.

v.

Jack E. Kotvas, etc.

August 1, 1997

Case No. CH97-226

BY JUDGE WILLIAM H. LEDBETTER, JR.

This is an appeal under the Administrative Process Act from a decision of the State Board of Contractors revoking a builder's Class A license.

*Background Facts*

Herbert W. Lux was convicted after a jury trial in this court on January 12, 1994, of grand larceny by false pretenses and mechanic's lien fraud. His appeal was denied by the Court of Appeals of Virginia on February 24, 1995.

The convictions stemmed from a building contract between Lux and William and Delores Owens for the construction of a house. On April 10, 1996, the Board for Contractors approved the Owens' claim for $2,500.00 to be paid from the Contractor Transaction Recovery Fund. Lux appealed that Board decision to this court (Case # CL96-233). This court affirmed the decision of the Board. Lux appealed to the Court of Appeals of Virginia, which summarily affirmed the decision of this court on July 8, 1997. Although the cases are related, the proceedings and the decisions are separate and distinct.

On July 30, 1996, the Board initiated disciplinary action against Lux pursuant to Virginia Code § 54.1-110 and Regulation 5.2.15, and an informal fact-finding conference was held on December 17, 1996. Lux appeared and presented evidence and argument. The transcript of that conference consists of 102 pages. Thereafter, the Board member who conducted the conference

recommended that the Board revoke Lux's license for violation of Regulation 5.2.15 (conviction of felonies).

The Board adopted the summary and recommendation of the presiding officer of the conference and on April 4, 1997, revoked Lux's Class A license # 031273. The Board also imposed a $1,000.00 monetary penalty.

Lux appealed the Board's decision. He filed a notice of appeal on April 18, 1997, and then filed his petition for appeal on May 30, 1997. The Board filed responsive pleadings and caused the agency record to be filed with the clerk.

Meanwhile, Lux requested a temporary injunction. After a hearing on April 21, 1997, the court granted a temporary injunction against enforcement of the Board's license revocation order.

The appeal was heard on July 29, 1997. This opinion addresses the matter.

## Standard of Review

It is settled that the scope of judicial review under the Administrative Process Act is limited to the agency record. The burden is on the appellant to demonstrate from the record an error of law subject to review by the court, including the substantiality of the evidence in support of the agency decision. Virginia Code § 9-6.14:17; *State Board of Health v. Godfrey*, 223 Va. 423 (1982); *Johnston-Willis, Ltd. v. Kenley*, 6 Va. App. 231 (1988).

## Decision

Lux does not allege material procedural defects in the administrative process that concluded with the Board's decision and order of April 4, 1997.

On the other hand, the Board does allege a procedural defect in Lux's appeal for judicial review. The Board contends that the appeal must be dismissed because Lux did not file his petition for appeal within 30 days after the filing of the notice of appeal, as required by Rule 2A:4 of the Rules of the Supreme Court.

As noted above, Lux filed the notice of appeal on April 18, 1997, and the petition for appeal on May 30, 1997. It follows that the Board's argument is correct. The 30-day time limit in Rule 2A:4 is mandatory. See *Mayo v. Department of Commerce*, 4 Va. App. 520 (1987). Thus, Lux's petition for appeal was not timely filed.

Nevertheless, the court will address the merits of the appeal.

Lux does not dispute that he was convicted of felonies in this court on January 12, 1994, and that appeals have been exhausted. The record supports the Board's finding that those felonies were directly related to Lux's activities

as a building contractor. Without more, this determination triggers disciplinary action against a licensee under Regulation 5.2.15 and clearly supports the Board's decision to revoke Lux's license.

Lux asserts that the felony convictions are void because they are the products of perjured testimony (i.e., the testimony of Delores Owens at trial) presented to the court and jury in collaboration with the Commonwealth's Attorney. In addition, he argues that he was not effectively represented by counsel and that the entire criminal prosecution was the product of conspiratorial misconduct of County officials. Lux presented extensive testimony regarding these matters, which are contained in the agency record, and he made the same arguments at the July 29th hearing in this court. His request on July 29th that he be sworn as a witness so that he could offer even more testimony about these allegations was denied by the court, for the reason that such a de novo judicial hearing is not allowed in proceedings under the Administrative Process Act.

Lux cannot, in the manner he proposes, attack the validity of the predicate felony convictions in an agency proceeding to revoke his professional license. If it were otherwise, the Board of Contractors would be in the business of reviewing the records of criminal proceedings that resulted in convictions, hearing extrinsic evidence, and making decisions about the validity of jury verdicts and judicial judgments — even those that may have been affirmed by appellate courts. Such expeditions are beyond the competency and jurisdiction of licensing agencies and disciplinary boards and are outside the scope of judicial review under the Administrative Process Act.

## Conclusion

For the reasons explained, the appeal will be dismissed, the temporary injunction of April 21, 1997, will be lifted, and the decision of the Board will be affirmed.