COURT OF APPEALS OF VIRGINIA


Present:  Judges Bray, Overton and Senior Judge Duff


MISAEL ROLANDO HERNANDEZ
                                     MEMORANDUM OPINION[*] BY
v.         Record No. 2304-97-4     JUDGE NELSON T. OVERTON
                                        OCTOBER 6, 1998
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF ARLINGTON COUNTY
                   William T. Newman, Jr., Judge

            (James E. Sullivan, on briefs), for
            appellant.  Appellant submitting on brief.

            (Mark L. Earley, Attorney General; Eugene
            Murphy, Assistant Attorney General, on
            brief), for appellee.[1]  Appellee submitting
            on brief.


     Misael Rolando Hernandez (defendant) appeals the revocation

of his suspended sentence by the Circuit Court of the County of

Arlington.  He contends on appeal that the circuit court was

without jurisdiction to revoke the suspension because more than

one year had passed from the end of the suspension period.

Because we find that the record is incomplete, we cannot address

defendant's assignments of error.  For that reason, we dismiss

his appeal.

     On April 15, 1994, defendant was convicted of carrying a

concealed weapon, in violation of Code § 18.2-308.  He was

sentenced to pay a one hundred dollar fine, but the sentence was

_____

[*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

[1]Because both parties waived oral argument the case has been
decided on the basis of their briefs and the record.

suspended for one year on the condition that he complete 40 hours of community service.  The Commonwealth contends that because defendant failed to complete community service, an order to show cause was issued on July 25, 1994.  The Commonwealth further contends a capias was issued on August 8, 1994.  The Commonwealth suggests, without evidence, that neither service was completed because the defendant had absconded from the jurisdiction.  On May 6, 1997, the General District Court of Arlington County revoked the suspended sentence and ordered him to pay the one hundred dollar fine.  The order was appealed to the circuit court, which affirmed it.

"An appellant who seeks the reversal of a decree on the ground that it is contrary to the law and the evidence has the primary responsibility of presenting to this court, as a part of the printed record, the evidence introduced in the lower court, or so much thereof as is necessary and sufficient for us to give full consideration to the assignment of error."  Lawrence v. Nelson, 200 Va. 597, 599, 106 S.E.2d 618, 620 (1959) (citations omitted).  "When the appellant fails to ensure that the record contains transcripts or a written statement of facts necessary to permit resolution of appellate issues, any assignments of error affected by such omission shall not be considered."  Rule 5A:8(b).

Defendant contends the trial court should not have imposed the sentence because it was without jurisdiction to do so.  The

record, however, is missing several important pieces of information critical to our determination of this issue. No transcript of the revocation hearing was provided. No copies of the capias or notice to show cause were provided. No transcript or statement of facts addressing the Commonwealth's attempts to serve defendant or defendant's attempts to avoid service were provided.

In short, the record is so wholly inadequate that meaningful appellate review is impossible. Because we cannot accept an appeal with such glaring factual deficiencies, we dismiss it. See Anderson v. Commonwealth, 13 Va. App. 506, 413 S.E.2d 75 (1992).

Dismissed.