# CIRCUIT COURT OF NORTHUMBERLAND COUNTY

Northern Neck
Health Investors, L.L.C.

v.

State Health
Commissioner et al.

January 24, 2000

Case No. (Chancery) 53-99

BY JUDGE JONATHAN C. THACHER

This case came before the Court on December 23, 1999, on the motion of the State Health Commissioner's demurrer and motion for dismissal. Also considered was the demurrer filed by counsel on behalf of Patrick Henry Hospital, Inc. ("Patrick Henry") and a Motion for Leave to Amend filed by Northern Neck Health Investors, L.L.C. ("Northern Neck"). After careful consideration of the argument and briefs filed by counsel, this Court finds that there were four separate case decisions rendered by the State Health Commissioner and that Appellant Northern Neck met the requirements of Rule 2A:4 for timely filing of the notice and petition for appeal. The Court overrules the demurrer and grants Northern Neck's motion to amend the petition for appeal.

The Court agrees with counsel for the Commissioner and Patrick Henry that four case decisions were rendered by the Commissioner. Each of the four Request for Need (RF) applications were assigned a separate Certificate of Public Need (COPN) number. Each case was evaluated separately by the Adjudication Officer based on compliance with the Nursing Home Services Section (12 VAC 5-360) of the Virginia State Medical Facilities Plan (SMFP). The Acting State Health Commissioner sent letters to each applicant either denying or approving that applicant's RF, identified by COPN.

The Court finds that appellant's failure to appeal the approval of Patrick Henry's case decision is not fatal pursuant to Rule 2A:4. Rule 2A:4(b) requires the appeal to designate the regulation or case decision appealed from. *Mayo v. Department of Commerce*, 4 Va. App. 250, 358 S.E.2d 759 (1987), held that the time limit in Rule 2A:4 is mandatory. It did not hold that a defect in the designation of the case decision was fatal, and the Court finds that Appellant's inclusion of the Patrick Henry decision in the notice of appeal, and service on all parties, was sufficient to alert all appellees that both decisions were on appeal. A recently-decided Virginia Court of Appeals case sheds light on this Court's decision to allow the motion to amend the petition for appeal and overrule the demurrer. In *Kessler v. Smith*, Record No. 2397-98-4, December 7, 1999, the trial court dismissed the case against the Director of the Department of Medical Assistance Services for lack of service. In that case, the Director also had actual notice of the appeal. As in this case, in *Kessler*, the notice of appeal and petition for appeal were timely filed. On the same date as the petition for appeal was filed, counsel for Appellant mailed and faxed a copy of the petition for appeal to the Director. In *Kessler*, service on the Director was made after the trial court dismissed the case but within one year of the petition for appeal. The Court of Appeals held that the service was timely, as it was perfected within one year of institution of the suit in accordance with Rule 2:4. Accordingly, if the Amended Petition for Appeal is served on the Appellees within one year of the petition, this Court cannot sustain the demurrer and dismiss this case.