COURT OF APPEALS OF VIRGINIA


Present:    Judges Bumgardner, Kelsey and Senior Judge Overton


DARICK K. JONES
                                                    MEMORANDUM OPINION[*]
v.       Record No. 0362-04-4                              PER CURIAM
                                                        NOVEMBER 23, 2004
VIRGINIA EMPLOYMENT COMMISSION


                FROM THE CIRCUIT COURT OF THE CITY OF ALEXANDRIA
                               John E. Kloch, Judge

            (Darick K. Jones, *pro se*, on brief).

            No brief for appellee.


       Darick K. Jones appeals a final order of the trial court, which affirmed the July 23, 2003

decision by the Virginia Employment Commission (VEC or Commission) dismissing his appeal.

The Commission dismissed his appeal because Jones failed to timely file an appeal from the

decision of the appeals examiner and because he failed to show good cause to extend the

statutory appeal period.  Upon reviewing the record and opening brief, we conclude that this appeal

is without merit.  Accordingly, we summarily affirm the decision of the trial court. See Rule

5A:27.[1]

                                   BACKGROUND

       On September 27, 2002, Jones filed a claim application for temporary extended

unemployment compensation benefits.  He indicated on the application that the reason for his

_____

       [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

       [1] Because we find that the Commission's decision is subject to summary affirmance, we
deny the Commission's motion to dismiss on the ground that Jones failed to comply with Rule
5A:25(d) with respect to the filing of the appendix.

separation from Visions Restaurant was lack of work. On October 30, 2002, Robert Kraus, the manager of Visions, submitted a Report of Separation and Wage Information, indicating that Jones voluntarily quit. The record contains two telephone reports completed by VEC Claims Deputy D. Smith summarizing a telephone conversation with Jones on November 1, 2002, and a telephone conversation with Kraus on November 20, 2002, regarding Jones' claim. Jones told Smith he did not quit his job at Visions, and said he intended to contact Visions to correct this mistake. Kraus told Smith that Jones was discharged for tardiness and not complying with the assigned schedule. "[B]ased on facts obtained in connection with [Jones'] claim for unemployment compensation," Smith denied the claim, finding that appellant was disqualified because he was discharged due to misconduct pursuant to Code § 60.2-618(2). The Commission mailed the notice of determination on December 17, 2002, and advised Jones that the claims deputy's "determination becomes final unless a notice of appeal is filed within thirty days after it is delivered in person or mailed to the last known address."

Jones timely noted his appeal to the claims deputy's decision, and on March 4, 2003, Appeals Examiner Randolph Ashburn, III, conducted a hearing. The hearing was scheduled to be conducted by telephone. A transcript of the hearing contained the appeals examiner's finding that "neither party . . . telephoned the Commission and provided a telephone number where it could be reached for the hearing." After entering various documents into the record, Ashburn treated the parties "as non-appearances" and concluded the hearing. The VEC mailed a copy of Ashburn's decision on March 4, 2003. In it, Ashburn "adopt[ed] the findings of the Deputy as fact[,]" reviewed the determination and the existing record, "conclude[d] that the Deputy correctly applied the law to the facts" and affirmed and sustained the deputy's determination. The March 4, 2003 decision advised the parties that "this decision becomes final 30 days after mailing unless an appeal is filed . . . not later than midnight of April 03, 2003."

Jones filed his appeal of Ashburn's decision on May 9, 2003. By letter dated May 20, 2003, and filed in the Commission on May 29, 2003, Jones "request[ed] that [his] hearing take place via conference call at the employer's and the commission['s] earliest convenience."

On July 14, 2003, the Commission conducted a hearing on Jones' appeal. On July 23, 2003, the Commission mailed a copy of the decision rendered by Special Examiner Dean Ricks. Ricks ruled as follows:

> In this case, the appeal was filed more than a month late. Additionally, there is no information before the Commission that would establish uncontrollable circumstances of a compelling and necessitous nature [that] prevented the appeal from being filed on time. Therefore, the Commission must conclude that the appeal was not timely and good cause to extend the statutory appeal period has not been shown. Consequently, the Appeals Examiner's decision has become final and the Commission has no authority to review, reconsider, modify, or reverse that decision.

As a result, the Commission "dismissed" Jones' appeal "pursuant to the provisions of 16 VAC 5-80-30(A)(3)," and held that "the decision of the Appeals Examiner has become the final decision of the Commission."

On August 18, 2003, Jones petitioned the circuit court for judicial review of the Commission's July 2003 decision. The record contains no transcript or statement of facts from the hearing before the trial court. In a one-page final order entered on January 28, 2004, the trial court ruled:

> Having considered the statutory authorities cited, the pleadings filed herein and the oral arguments, the trial court is of the opinion and hereby
>
> ADJUDGES that the VEC did not err in this case, and
>
> It is therefore ORDERED that Final decision No. 67395-C, mailed by the Virginia Employment Commission on July 23, 2003, is affirmed.

Accordingly, it is also ORDERED that this matter is hereby dismissed with prejudice and shall be stricken from the Court's docket, nothing further remaining to be done.

Appellant signed the final order, "SEEN AND OBJECT."

RELEVANT LAW

Code § 60.2-619(A) provides that the Commission shall designate a deputy to promptly examine a claim and determine its validity and the amount and duration of any such benefit. A claims deputy's decision "shall be final unless the claimant" or employer timely files an appeal of that decision to be heard by an appeal tribunal. Code § 60.2-619(C).

In order to hear and decide a disputed claim made by the claims deputy, the Commission may establish an appeal tribunal consisting of, *inter alia*, an appeals examiner. Code § 60.2-621.

(A) Appeals filed under § 60.2-619 shall be heard by an appeal tribunal appointed pursuant to § 60.2-621. Such appeal tribunal, after affording the claimant and any other parties reasonable opportunity for a fair hearing, shall have jurisdiction to consider all issues with respect to the claim since the initial filing thereof. Such tribunal shall affirm, set aside, reverse, modify, or alter the findings of fact and decision of the [claims] deputy and may enter such order or decision with respect to the claim as such appeal tribunal finds should have been entered. . . .

(B) The parties shall be duly notified of such tribunal's decision, together with its reasons therefore, which shall be deemed to be the final decision of the Commission, unless within thirty days after the date of notification or mailing of such decision, further appeal is initiated pursuant to § 60.2-622. However, for good cause shown, the thirty-day period may be extended.

Code § 60.2-620.

"Any party to a hearing before an appeals examiner may appeal the decision within the time limit set forth in § 60.2-620 . . . ." 16 VAC 5-80-30(A)(1).

If the appeal to the commission is not filed within the statutory time limit . . . , the appellant shall set forth in writing the reasons for the late filing. If the reasons set forth, if proven, would show good cause for extending the appeal period, the commission

> shall schedule a hearing to take testimony on the issue of good
> cause for late filing. If the reasons set forth in the notice of appeal
> are insufficient to show good cause for late filing, the appeal shall
> be dismissed and the decision of the appeals examiner shall
> become the final decision of the commission.

16 VAC 5-80-30(A)(3).

## RECORD ON APPEAL

"[O]n appeal the judgment of the lower court is presumed to be correct and the burden is on the appellant to present to us a sufficient record from which we can determine whether the lower court has erred in the respect complained of. If the appellant fails to do this, the judgment will be affirmed." Justis v. Young, 202 Va. 631, 632, 119 S.E.2d 255, 256-57 (1961); see also Lawrence v. Nelson, 200 Va. 597, 598-99, 106 S.E.2d 618, 620 (1959) ("An appellant who seeks the reversal of a decree on the ground that it is contrary to the law and the evidence has the primary responsibility of presenting to this court, as a part of the printed record, the evidence introduced in the lower court, or so much thereof as is necessary and sufficient for us to give full consideration to the assignment of error."); Twardy v. Twardy, 14 Va. App. 651, 658, 419 S.E.2d 848, 852 (1992).

Although Jones attached several copies of documents to his brief, he did not submit a transcript or signed statement of facts pursuant to Rule 5A:8, nor did he file an appendix as required by Rule 5A:25. Jones labeled the photocopied documents Exhibits K through Z; however, it is unclear whether these photocopies were presented to the trial court and admitted in evidence at that time or whether they were personal documents he possessed.

## DISCUSSION

Jones includes thirteen issues on appeal in his opening brief, some of which contained multiple sub-issues. In essence, Jones argues that: his claim had merit; there were and are alleged errors and inconsistencies in the procedures relating to Commission appeals; by filing a

an untimely appeal in May 2003, after the case became final, he demonstrated good cause why his case should be reopened; and there were inaccuracies in the wage statement submitted by the employer.[2]  However, none of those issues related to the rulings by the Commission and the trial court that Jones failed to timely file his appeal of the appeals examiner's decision to the Commission and that Jones failed to show good cause as to why "the thirty-day period may be extended" pursuant to Code § 60.2-620(B).  Moreover,  Jones failed to indicate where he argued and preserved those issues at trial.[3]  "[E]ndorsing a decree 'seen and objected to' does not preserve an issue for appeal unless the record further reveals that the issue was properly raised for consideration by the trial court."  Konefal v. Konefal, 18 Va. App. 612, 615, 446 S.E.2d 153, 155 (1994).

---

[2] Some issues, such as Issue VI, contained vague, confusing assertions that failed to sufficiently allege any cognizable error.  In expressing the alleged error, Jones wrote:

> In order for employee to give reasonable notice to cross-examine an anonymous claims examiner from Richmond, Virginia, the employee has to establish (see Rule 4:1) personal in rem jurisdiction from discoveries made from motion in limine.  When does the court establish territorial jurisdiction on the subject matter of wrongful misconduct associated with work if due process was not served for a telephonic hearing on an interstate claim?
>
> > A.  Claims examiners were the employee's primary correspondence in address notification, notification of dates in regards to amounts owed to the V.E.C., notification that an appeal wasn't filed, notification to file another appeal (May 9), and minimum contact was made in the forum state by filing an affidavit after employee called the Commission that he could not make the 120 mile journey to Richmond, Virginia from Largo, Maryland July 14, 2003.

[3] Jones' reference to Exhibits K through Z, the unofficial photocopied documents he placed in his brief, failed to explain how such a document alerted the trial court to the issue or preserved it in the trial court.

Absent a statement of facts or a transcript of the hearing in the trial court, the record fails to show that these issues were raised, argued and preserved in the trial court. Accordingly, these issues are procedurally barred on appeal and we do not address them. Whitt v. Race Fork Coal Corp. and Virginia Employment Comm'n, 18 Va. App. 71, 74, 441 S.E.2d 357, 359 (1994); Rule 5A:18. Based on the record before us, we find that the trial court did not commit reversible error in affirming the Commission and dismissing the case from the docket. Accordingly, the decision of the trial court is summarily affirmed.

Affirmed.