COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present:   Judges Malveaux, Friedman and Lorish
Argued by videoconference


LISA ANN MOSES

                                            MEMORANDUM OPINION* BY
v.        Record No. 1815-23-4             JUDGE FRANK K. FRIEDMAN
                                               DECEMBER 17, 2024
JASON MOSES


                    FROM THE CIRCUIT COURT OF LOUDON COUNTY
                              James P. Fisher, Judge

              Raymond S. Dietrich (Raymond S. Dietrich, PLLC, on brief), for
              appellant.

              No brief or argument for appellee.


       The circuit court entered a final order of divorce ("FOD") for Lisa Ann Moses (wife) and

Jason Moses (husband) on September 22, 2023. The FOD implemented husband's proposed

calculations of the Federal Employee Retirement System ("FERS") benefit rather than deferring to

the Office of Personnel Management ("OPM") for calculation. Wife appeals the FOD and alleges

that the circuit court erred by implementing husband's calculation because husband and wife agreed

to defer to OPM in their marital settlement agreement ("MSA"). While wife complains that the

FOD contains significant mistakes, she has failed to provide a sufficient record to permit us to

review the alleged errors.

                                    BACKGROUND

       Wife and husband were married on May 30, 1999. Wife filed for divorce on August 29,

2022, on grounds of cruelty. The parties entered into a MSA on August 3, 2023. The MSA

_____
       * This opinion is not designated for publication. *See* Code § 17.1-413(A).

outlined guidelines for a split of three of husband's military benefits: Military Retired Pay, Federal Pension, and Thrift Savings Plan[1] benefits. The MSA awarded wife "50% the marital share of [h]usband's monthly disposable military retirement pay." The MSA required that the "Marital Share" of the retirement pay be calculated by the Defense Finance and Accounting Service ("DFAS"), an agency within the Department of Defense ("DOD") that manages payments to service members, employees, contractors, and vendors. As for husband's federal pension, the MSA awarded wife "50% of the 'Marital Share' of [h]usband's monthly annuity. The marital share is defined as the monthly employee annuity after reduc[ing] the cost of survivor annuity." The MSA required that the "Marital Share" of the pension be calculated by the OPM.

For each of the military benefits, the MSA states that wife's "counsel shall prepare the court order" assigning wife her share of each of the three benefits. Despite the MSA's requirement that wife's counsel prepare the order, on August 30, 2023, husband filed for entry of the final order of divorce and entry of the retirement order. On September 1, 2023, wife moved to compel husband to follow the MSA, asserting that the MSA "specifically states that [w]ife's Military and Pension attorney, Raymond Dietrich, prepare the Court Orders Acceptable for Processing (COAPs) for [the Military Pension, Federal Pension and Thrift Savings Plan Retirement Account]." Wife went on to argue that husband refused wife's COAPs. Wife also filed a response to husband's motion for entry of decree on September 8, 2023, arguing that the trial court should accept her drafted orders, which she stated would be brought to the hearing. A copy of those drafted orders, however, were not filed as part of the appellate record. Husband filed a subsequent motion asking the court to dismiss wife's motion to compel, arguing that wife's proposed court orders were "incorrectly done" "for a host of reasons."

---

[1] The parties stipulated that husband's Thrift Savings Plan was "wholly marital," and thus wife "shall be entitled to 50% of the value of [h]usband's TSP on the date of division."

Over wife's objections, on September 22, 2023, the trial court entered a COAP in accordance with husband's draft orders. The court awarded wife "fifty percent of the marital share of Employee benefits under FERS." The court determined that

> [t]he marital share is a fraction, the numerator being 201 months (total months of creditable service earned during the marriage), and the denominator being 376 (total months of creditable service). Thus, the Former Spouse is assigned Twenty-six point Seven Percent (26.7%) of the Employee's gross monthly annuity under FERS if and when received by the Employee.

The court did not indicate the source for its calculation, but fully incorporates the MSA in the FOD—a separate order from the COAP. Wife refused to sign both the COAP and FOD.

## ANALYSIS

On appeal, wife presents two assignments of error arguing that: 1) the circuit court erred by failing to incorporate the FERS COAP into the FOD, which she alleges could abrogate the award of survivor benefits; and 2) the circuit court erred by accepting husband's FERS calculation rather than deferring to the calculation of the OPM. Because certain indispensable transcripts are not part of the record, we conclude that we are prevented from reviewing wife's arguments.

### Wife failed to timely file the transcript, limiting this Court's review.

> If the transcript is not a part of the record on appeal, [this Court] cannot consider it or any references to it in addressing wife's arguments because "[a]n appellate court must dispose of the case upon the record and cannot base its decision upon [wife]'s petition or brief . . . . We may act only upon facts contained in the record."

*Browning v. Browning*, 68 Va. App. 19, 26-27 (2017) (second and fourth alterations in original) (quoting *Smith v. Commonwealth*, 16 Va. App. 630, 635 (1993)). The content of an appellate record is determined by Rule 5A:7(a)(7) which states that the record includes "the transcript of any proceeding . . . when made part of the record as provided in Rule 5A:8 . . . ." "The transcript of any proceeding is part of the record when it is filed in the office of the clerk of the trial court no later than 60 days after entry of the final judgment." Rule 5A:8(a). The final order was entered on

September 22, 2023. The transcript was not filed until January 3, 2024, 103 days later. Thus, the transcript is late, and wife is not provided the benefit of having the transcript considered in this case.

Besides the transcript, the record is devoid of wife's proposed COAPs, which are the main issue of this case. In wife's response to husband's motion for entry of decree, wife asserted that she would bring her proposed orders to the hearing. Without reviewing the transcript, we cannot know for certain whether she brought the orders, or why the court did not accept them. Furthermore, the MSA states that wife's "counsel shall prepare the court order" assigning wife her share of each of the three benefits. Based on the limited record, it appears wife was not represented by counsel by the conclusion of the proceedings below. Wife therefore may have been incapable of fulfilling the requirements of the MSA.

Without the context of the transcript, we cannot know for certain the difference between husband and wife's calculations of the military benefits. Wife argues in her brief that her share should be 29.4%, not the 26.7% calculated by husband and the circuit court, but there is no reference in her brief to how wife obtained this result. Similarly, we cannot review the reason the trial court chose to incorporate the MSA in the FOD, but not the FERS COAP into the FOD. We are also unable to determine what conclusions the court made about the survivor benefit. Husband's drafts and wife's purported submissions clearly differed, but we have no way of knowing why husband's proposal prevailed at the hearing.

On appeal, the appellant "has the primary responsibility of presenting to this [C]ourt, as a part of the printed record, the evidence introduced in the lower court, or so much thereof as is necessary and sufficient for us to give full consideration to the assignment of error." *Prince Seating Corp. v. Rabideau*, 275 Va. 468, 470-71 (2008) (alteration in original) (quoting *Lawrence v. Nelson*, 200 Va. 597, 598-99 (1959)). Without a sufficient record, "we will not

- 4 -

consider the point." *Dixon v. Dixon*, 71 Va. App. 709, 716 (2020) (quoting *Robinson v. Robinson*, 50 Va. App. 189, 197 (2007)).

Consistent with this principle, "[w]hen the appellant fails to ensure that the record contains transcripts or a written statement of facts necessary to permit resolution of appellate issues, any assignments of error affected by such omission will not be considered." Rule 5A:8(b)(4)(ii). "If . . . the transcript [or statement of facts] is indispensable to the determination of the case, then the requirements for making the transcript [or statement of facts] a part of the record on appeal must be strictly adhered to." *Veldhuis v. Abboushi*, 77 Va. App. 599, 606-07 (2023) (alterations in original) (quoting *Bay v. Commonwealth*, 60 Va. App. 520, 528 (2012)). "If we determine that the transcript [or statement of facts] is indispensable . . . , we *must* [conclude] that the record on appeal is insufficient to fairly and accurately determine the issues presented." *Bay*, 60 Va. App. at 529 (alterations in original) (quoting *Turner v. Commonwealth*, 2 Va. App. 96, 99 (1986)). "Whether the record is sufficiently complete to permit our review on appeal is a question of law subject to our *de novo* review." *Id.*

Without the transcript and wife's proposed COAPs, we cannot properly examine wife's assignments of error.

CONCLUSION

Because the record is incomplete, we must affirm the trial court's judgment.

*Affirmed.*