Tuesday                    19th

          March, 1996.


Uninsured Employers' Fund,
          Appellant,

 against      Record No. 1531-95-2
             Claim No. 168-13-90

Todd E. Coyle, et al.,
          Appellees.


          From the Virginia Workers' Compensation Commission

             Before Judges Baker, Elder and Fitzpatrick


          The record in this matter was filed with this Court on July 20, 1995.  Pursuant to Rule 5A:19(b)(1), the opening brief was due on August 29, 1995.  Appellant did not file an opening brief by that date, nor did it file a motion for an extension of time to file the opening brief.  Rather, on September 5, 1995, appellant moved to extend the time to file the opening brief and also submitted its opening brief on that date.  Appellee Todd E. Coyle has moved to dismiss the appeal on the basis that the opening brief was not timely filed.

          Rule 5A:19(b)(1) reads:  "The appellant shall file the opening brief in the office of the clerk of the Court of Appeals within 40 days after the date of the filing of the record in such office."  (Emphasis added.)  The word "shall" is generally used in an imperative or mandatory sense.  See Mayo v. Commonwealth, 4 Va. App. 520, 523, 358 S.E.2d 759, 761 (1987).  We find nothing in the rule to indicate that we should interpret the word otherwise.[1]  Consequently,

_____

          [1]In so holding, we recognize that the opening brief is not listed

in order for an opening brief to be timely, it must, within forty days after the filing of the record, (1) be delivered to the clerk of this Court, or (2) be mailed in accordance with Rule 5A:3(c).

Furthermore, while Rule 5A:3(b) allows an appellant to move to extend the time for filing an opening brief, this rule must be read in conjunction with other relevant provisions of the rules. We hold that an appellant may move to extend the time to file an opening brief, but our authority to address the motion cannot extend beyond the authority granted to us to process the opening brief itself. Accordingly, a motion to extend the time to file an opening brief must, within forty days after the filing of the record, (1) be delivered to the clerk of this Court, or (2) be mailed in accordance with Rule 5A:3(c).

Under Rule 5A:19(b)(1), an opening brief must be timely filed; yet, that rule fails to provide a sanction for noncompliance. To determine the appropriate sanction, we look to Rule 5A:26, which reads: "If neither party has filed a brief in compliance with these Rules, the Court of Appeals may dismiss the appeal. If one party has but the other has not filed such a brief, the party in default will not be heard orally, except for good cause shown." If an appellant has failed to meet the mandatory filing requirement for an opening brief, then, at that point in time, "neither party has filed a brief in compliance with these Rules." In such a case, Rule 5A:26 permits us to dismiss the appeal.

---

in Rule 5A:3(a) as one of the documents that carries a mandatory filing date. However, we interpret the term "mandatory," as used in that rule, to mean that this Court, absent authority granted elsewhere by statute or rule, has no power to extend the time for filing these documents. In this light, therefore, our use of the term "mandatory" as it relates to opening briefs differs from the use of the term in Rule 5A:3(a).

Applying this reasoning to the facts of this case, we conclude that the appeal should be dismissed.  Appellant was obligated to file the opening brief, or a motion to extend the time for filing, by August 29, 1995.[2]  It failed to do so.  Accordingly, we hold that (1) the motion to extend the time for filing the opening brief was not timely filed and is denied; (2) the opening brief was not filed in compliance with Rule 5A:19(b)(1); and (3) the appeal is dismissed.

Because this issue occurs with sufficient regularity that members of the bar may benefit from the directives herein, the Clerk is directed to publish this order.

This order shall be certified to the Virginia Workers' Compensation Commission.

A Copy,

Teste:

Clerk

---

[2]Extensions of time for filing will only be granted for good cause.  An appellant who does not obtain an order extending the time for filing within the forty day period delays at its own peril a determination by the Court that good cause does not exist to extend the time for filing.