COURT OF APPEALS OF VIRGINIA

Present:    Judges Humphreys, Kelsey and Senior Judge Overton
Argued at Chesapeake, Virginia


WILLIAM S. JONES, JR. AND
  HOMECARE OF VIRGINIA, INC.

v.        Record No. 2644-04-1

MAURICE A. JONES, COMMISSIONER,
  VIRGINIA DEPARTMENT OF SOCIAL SERVICES

WILLIAM S. JONES, JR. AND
  HOMECARE OF VIRGINIA, INC.

MEMORANDUM OPINION[*] BY

v.        Record No. 2646-04-1

JUDGE NELSON T. OVERTON
OCTOBER 4, 2005

MAURICE A. JONES, COMMISSIONER,
  VIRGINIA DEPARTMENT OF SOCIAL SERVICES

WILLIAM S. JONES, JR.

v.        Record No. 0313-05-1

PATRICK W. FINNERTY, DIRECTOR
  DEPARTMENT OF MEDICAL ASSISTANCE SERVICES


FROM THE CIRCUIT COURT OF THE CITY OF CHESAPEAKE
V. Thomas Forehand, Jr., Judge

William S. Jones, Jr., for appellants.

Cheryl A. Wilkerson, Assistant Attorney General (Jerry W. Kilgore,
Attorney General; Judith Williams Jadgmann, Attorney General;
David E. Johnson, Deputy Attorney General; Kim F. Piner, Senior
Assistant Attorney General, on briefs), for appellees.


William S. Jones, Jr. appeals from two August 25, 2004 orders and a September 8, 2004

order of the circuit court dismissing appeals he filed on behalf of others challenging case

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

decisions of the Department of Social Services (DSS) and the Department of Medical Assistance Services (DMAS). Jones operated and was president of Homecare of Virginia, Inc., a formerly licensed assisted living facility. The matters involved in Record No. 2646-04-1, pertaining to one of the August 25, 2004 orders, concerned the interests of the corporation itself. The issues involved in Record No. 2644-04-1, resulting in the other August 25, 2004 order, involved only the interests of former residents of Jones' assisted living facility. Record No. 0313-05-1 involves the September 8, 2004 order from the DMAS case involving the interests of one of the same former residents named in Record No. 2644-04-1.

For each of these matters Jones has acted as counsel of record. Only Jones signed the notices of appeal and the briefs filed in this Court. Jones is not a licensed attorney. Code § 54.1-3910 requires that "[a]ll persons engaged in the practice of law in the Commonwealth shall be active members in good standing of the Virginia State Bar."

The Rules of the Virginia Supreme Court are very clear concerning situations involving the unauthorized practice of law. Unauthorized Practice Rule 1-101(A) provides that "[a] non-lawyer, with or without compensation, shall not represent the interest of another before a tribunal, otherwise than in the presentation of facts, figures or factual conclusions, as distinguished from legal conclusions . . . ." Consistent with this and other requirements articulated in the Unauthorized Practice Rules, the Virginia Supreme Court has set forth strict procedures regarding the filing of pleadings in an effort to protect the rights of litigants, and to ensure the efficient administration of justice in the Commonwealth's courts. Rules 1A:4 and 1:4(c) mandate that pleadings filed in Virginia courts contain the signature of a member of the Virginia State Bar, unless a party endorses the pleading *pro se*.

Because Jones is not representing his own interests and because the documents were not signed by competent counsel as required by the rules, Jones' briefs are "invalid."

> [A]n "invalid" document is, necessarily, a legally ineffective
> predicate for a court proceeding. We have held that, in the
> exercise of our discretion, we may dismiss an appeal in which no
> opening brief has been filed or in which the opening brief does not
> comply with our rules. See Uninsured Employer's Fund v. Coyle,
> 22 Va. App. 157, 159, 468 S.E.2d 145, 146 (1996).

Rahbaran v. Rahbaran, 26 Va. App. 195, 203, 494 S.E.2d 135, 139 (1997).

Because the opening briefs in these cases do not comply with Court rules, the appeals are

hereby dismissed.

Dismissed.