COURT OF APPEALS OF VIRGINIA


Present:   Judges Humphreys, Kelsey and Senior Judge Willis
Argued at Chesapeake, Virginia


ESTEBAN CHABOLLA, SR.
                                                              OPINION BY
v.        Record No. 0293-09-1                    JUDGE ROBERT J. HUMPHREYS
                                                           JANUARY 12, 2010
VIRGINIA DEPARTMENT OF SOCIAL SERVICES


           FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
                               Patricia L. West, Judge

              Melinda F. Seemar (Stallings & Bischoff, P.C., on briefs), for
              appellant.

              Cheryl A. Wilkerson, Senior Assistant Attorney General (William C.
              Mims, Attorney General; David E. Johnson, Deputy Attorney
              General; Kim F. Piner, Senior Assistant Attorney General, on brief),
              for appellee.


        Esteban Chabolla, Sr. ("Chabolla") appeals a decision of the Circuit Court of the City of

Virginia Beach ("the circuit court"), dated January 6, 2009, which affirmed a finding of

"Founded - Physical Abuse - Level Two" by the Virginia Department of Social Services ("the

Agency").  On appeal, Chabolla contends that the Agency's finding was not supported by

substantial evidence in the record.[1]  In response, the Agency argues that the circuit court erred in

refusing to dismiss Chabolla's petition for review due to its noncompliance with Rule 2A:4 of

the Virginia Supreme Court.  For the reasons that follow, we affirm the circuit court.

_____

        [1] Chabolla's brief contains a second question presented:  "Was appellant's constitutional
right to bear arms violated when he was viewed with suspicion and as being uncooperative for
having a gun in his home?"  However, as counsel for Chabolla conceded at oral argument, this
issue was not raised below and, thus, is not properly before this Court on appeal.  See Rule
5A:18 ("No ruling of the trial court . . . will be considered as a basis for reversal unless the
objection was stated together with the grounds therefor at the time of the ruling, except for good
cause shown or to enable the Court of Appeals to attain the ends of justice.").

BACKGROUND

On appeal, "[w]e view the evidence in the light most favorable to the agency and limit our review of issues of fact to the agency record." Mulvey v. Jones, 41 Va. App. 600, 602, 587 S.E.2d 728, 729 (2003). So viewed, the evidence was as follows.

On March 29, 2006, Chabolla took his fifteen-year-old daughter ("M.C.") to the dentist.[2] Upset over an issue she was having with her boyfriend, M.C. misbehaved at the dentist. Following her appointment, M.C. insisted that Chabolla return her to school so that she could speak with her boyfriend. Chabolla refused and, instead, they went home. Chabolla's four-year-old son was also present at the time.

When they got home, M.C. continued to misbehave. She argued with Chabolla and demanded that he take her to school. M.C.'s dramatic temper tantrum continued throughout lunch. Because M.C. "wouldn't quit" and because he wanted some "peace and quiet," Chabolla retrieved a loaded handgun that he kept on the top of the china cabinet in the dining room, took the gun out of the holster, and displayed it to M.C in the presence of his son. Although Chabolla did not point the gun at M.C., his son cried out, "No, daddy, don't do it." M.C. stated that she never thought Chabolla would shoot at her, but she did believe that he "would shoot the gun that day."

The Virginia Beach Child Protective Services received a referral at around 1:48 p.m. on March 29, alleging "physical abuse, threat of harm to [M.C.]." The case was assigned to Dawn Clift ("Clift"). Clift "arrived at the home in the early afternoon," but no one was home. At approximately 4:30 p.m., Chabolla returned home with his children.

---

[2] M.C. suffers from ADHD and has significant mental health issues for which she is in treatment and takes medication.

Clift testified that, "right away, Mr. Chabolla was resistant" and "argumentative." When Clift inquired as to whether "there is a weapon involved," Chabolla "reached up and grabbed the gun in its holster on the top of the china cabinet" and placed it on his hip where he "always keeps it." Chabolla reluctantly allowed Clift to interview his children. M.C. stated that she was afraid of her father "when he is angry" because he "had tried to choke her in the past" and he "had pushed her into the house" when they got home from the dentist. Chabolla interfered with Clift's interview with his son to such an extent that she could not get any information from the boy.

During his interview with Clift, Chabolla admitted that he kept a loaded handgun on the china cabinet in the dining room and that M.C. knew where the gun was kept. Chabolla also explained that he and his wife regularly asked M.C. to retrieve the gun when they were going out because "Mr. Chabolla took the gun with him to family outings, to restaurants and in the car." Chabolla refused to take measures to keep the gun out of the presence of the children, or to otherwise make the children safe.

During Clift's visit, the situation between her and Chabolla "escalated quite a bit." Chabolla was increasingly hostile towards Clift, who developed "real concerns" about her safety. As a result, Clift went outside and called the police. When the police arrived, "things really escalated." Clift testified that Chabolla "was demanding control of the situation. He was refusing to cooperate with the police, with myself. He refused to surrender the gun. The police actually had to get physical." Though Chabolla refused to remove the gun from the home, he reluctantly agreed to lock the gun in the bedroom.[3] Pursuant to a preliminary removal order, M.C. and her brother were removed from the Chabollas' custody and placed in foster care.

---

[3] Evidence in the record demonstrates that Chabolla sold the gun a few days after the incident.

On April 27, 2006, the Agency made a finding of "Founded – Physical Abuse – Other Physical Abuse – Level One." That determination was upheld following a local conference by letter dated June 23, 2006. Chabolla made a timely request for a state administrative hearing pursuant to Code § 63.2-1526. A hearing was held on August 16, 2006. The hearing officer rendered his "Decision on Appeal" on October 13, 2006, in which he stated that "[a]lthough the situation was a volatile one, the circumstances as a whole do not justify a level one disposition." Consequently, the hearing officer amended the Agency's finding to a "Founded – Physical Abuse – Level Two." In his decision, the hearing officer made the following "Findings of Fact":

> 1. The Appellant held a loaded weapon during a heated verbal altercation with his fifteen-year-old daughter. His four-year-old son was also in the vicinity. The Appellant did not aim the weapon, but held and displayed it as a means of expressing his frustration with his daughter's behavior.
>
> 2. The handling of a loaded weapon during a heated verbal altercation meets departmental definitions for physical abuse, since potential escalation poses a threat of injury. Once a weapon is introduced, the level of harm rises exponentially. A level two disposition was appropriate, given the fact that the Appellant did not threaten either of the children with the weapon and that there was no evidence that the weapon's safety mechanism was disengaged.
>
> 3. Access to the weapon in this case, while part of the disposition, constitutes neglect rather than abuse. Because a disposition of neglect was not made, the question of whether the children had potentially dangerous access to the gun is moot.

Chabolla timely filed a notice of appeal to the circuit court on November 6, 2006. He then filed his "Petition for Appeal" in the circuit court on November 30, 2006; however, because the petition was not accompanied by the requisite filing fee, it was not "filed" until December 7, 2006. The petition also failed to (1) specify any errors assigned, (2) state the reasons why the Agency's decision was unlawful, or (3) include a statement of the relief requested. Because it believed Chabolla's petition was filed late, and because the petition did not state any error or

- 4 -

request any relief, the Department of Social Services filed a plea in bar/motion to dismiss. Chabolla responded to the motion to dismiss with a request to amend his petition. Chabolla explained that he had timely filed his petition, but conceded that the petition did not properly state his assignments of error or request appropriate relief.

On April 16, 2008, the circuit court entered an order finding that Chabolla's petition was timely filed and allowing Chabolla to amend his petition to reflect the assignments of error and prayer for relief.

On January 6, 2009, the circuit court entered an order affirming the Agency's finding of Physical Abuse – Level Two. Chabolla now appeals to this Court.

ANALYSIS

I. Rule 2A:4

As an initial matter and in an issue of first impression with respect to administrative appeals, the Agency contends that the circuit court erred in refusing to dismiss Chabolla's petition for review for his failure to strictly comply with Rule 2A:4 of the Rules of the Virginia Supreme Court. We disagree.

Rule 2A:4 governs "appeals pursuant to the administrative process act" and provides,

> (a) Within 30 days after the filing of the notice of appeal, the appellant *shall file* his petition for appeal with the clerk of the circuit court named in the first notice of appeal to be filed . . . .

> (b) The petition for appeal shall designate the regulation or case decision appealed from, specify the errors assigned, state the reasons why the regulation or case decision is deemed to be unlawful and conclude with a specific statement of the relief requested.

As the Agency correctly notes, "Rule 2A:4(a) requires that a petition for appeal in a proceeding for review brought pursuant to the Administrative Process Act be filed within 30 days after the notice of appeal has been filed with the administrative agency." Mayo v.

- 5 -

Department of Commerce of Com. of Va., 4 Va. App. 520, 522-23, 358 S.E.2d 759, 761 (1987). Because the "rules governing appeal procedures are mandatory and 'compliance with them is necessary for the orderly, fair and expeditious administration of justice,'" the failure to file the petition for appeal within the prescribed time period "'is fatal,'" rendering the petition "subject to dismissal." Id. (quoting Condrey v. Childress, 203 Va. 755, 757, 127 S.E.2d 150, 152 (1962)). This rationale "is equally applicable to appeals to circuit courts from decisions of administrative agencies." Id.

> The purpose of the specific time limit is not to penalize the appellant but to protect the appellee. If the required papers are not [timely] filed, the appellee is entitled to assume that the litigation is ended, and to act on that assumption. Litigation is a serious and harassing matter, and the right to know when it is ended is a valuable right.

Avery v. County School Board, 192 Va. 329, 333, 64 S.E.2d 767, 770 (1951). Thus, "a person aggrieved by a case decision is *required* to follow the appeal procedure by resorting to an appropriate and *timely* court action in the manner provided by the Rules of the Supreme Court of Virginia." Mayo, 4 Va. App. at 523, 358 S.E.2d at 761 (emphasis in original). In short, "the time limit of rule [Rule 2A:4(a)] is mandatory." Id.

The Agency does not dispute the fact that Chabolla filed his petition for appeal within the thirty-day time period required by Rule 2A:4(a). Rather, the Agency argues that, like Rule 2A:4(a), Rule 2A:4(b) is mandatory and jurisdictional and, thus, the circuit court should have dismissed Chabolla's petition for its failure to specify the errors assigned to the Agency's case decision and to include a statement of the relief requested. While the Agency concedes that,

under normal circumstances, counsel may amend his pleadings by leave of court under Rule 1:8[4] of the Rules of the Virginia Supreme Court, the Agency nonetheless claims that, "the general rules of civil procedure do not apply to judicial review proceedings unless the APA specifically provides."

While it is true that "civil *remedies and procedures* contained in Title 8.01 [of the Virginia Code]" may not "apply in administrative agency proceedings," Broomfield v. Jackson, 18 Va. App. 854, 857-58, 447 S.E.2d 880, 882 (1994), it is equally true that "[t]he APA grants an aggrieved party 'a right to the direct review . . . [of the hearing officer's decision] by an appropriate and timely court action against the agency . . . *in the manner provided by the rules* of the Supreme Court of Virginia.'" Id. at 856, 447 S.E.2d at 881 (quoting Code § 9-6.14:16(A)) (emphasis added). Thus, appeals from an agency decision necessarily implicate the Rules of the Virginia Supreme Court, even if they do not invoke the civil remedies and procedures addressed in Title 8.01.

Rule 1.8, which applies to all proceedings, allows a party to amend a pleading "by leave of court," provided the pleading was timely filed in the first place. Here, it is undisputed that Chabolla filed his petition for review within the thirty-day time period mandated by Rule 2A:4(a). Though the contents of his petition for review were not in compliance with the

---

[4] Rule 1:8 provides:

> No amendments shall be made to any pleading after it is filed *save by leave of court*. Leave to amend shall be liberally granted in furtherance of the ends of justice.
>
> In granting leave to amend the court may make such provision for notice thereof and opportunity to make response as the court may deem reasonable and proper.

(Emphasis added).

requirements of Rule 2A:4(b) at the time of filing, the circuit court had the authority, pursuant to Rule 1.8, to grant Chabolla leave to amend his petition to conform to the Rules.

In sum, we disagree with the Agency that the Administrative Process Act contemplates a different application of the Rules of the Virginia Supreme Court to administrative agency decisions than to appeals of other civil matters. Therefore, we hold that while Rule 2A:4(a) is jurisdictional, Rule 2A:4(b) is not. Once Chabolla timely filed his petition for review in the circuit court, he was entitled to ask for, and the circuit court was entitled to grant, leave to amend its contents. Therefore, the circuit court did not err in refusing to dismiss Chabolla's petition.

## II. Substantial Evidence

Chabolla argues that the circuit court erred in affirming the hearing officer's finding of "Founded – Physical Abuse – Level Two." Chabolla maintains that the facts before the hearing officer contained insufficient evidence to support such a finding. Specifically, Chabolla contends that the hearing officer's finding that "there is [no] evidence that [Chabolla] intended to shoot himself or his children" effectively prohibited the hearing officer from making a finding of physical abuse. Chabolla further contends that the evidence failed to prove a substantial risk to the children or that the children were placed in fear. We disagree.

> On appeal of an agency decision, "the sole determination as to factual issues is whether substantial evidence exists in the agency record to support the agency's decision. The reviewing court may reject the agency's findings of fact only if, considering the record as a whole, a reasonable mind necessarily would come to a different conclusion." In making this determination, "the reviewing court shall take due account of the presumption of official regularity, the experience and specialized competence of the agency, and the purposes of the basic law under which the agency has acted."

Chippenham & Johnston-Willis Hosps., Inc. v. Peterson, 36 Va. App. 469, 475, 553 S.E.2d 133, 136 (2001) (quoting Johnston-Willis, Ltd. v. Kenley, 6 Va. App. 231, 242, 369 S.E.2d 1, 7 (1988)).

- 8 -

22 VAC 40-705-30 defines "physical abuse" as:

> occur[ing] when a caretaker creates or inflicts, threatens to create or inflict, or allows to be created or inflicted upon a child a physical injury by other than accidental means *or creates a substantial risk of death, disfigurement, or impairment of bodily functions.*

(Emphasis added).

22 VAC 40-705-10 defines "founded" as follows:

> Founded means that a review of the facts shows by a preponderance of the evidence that child abuse and/or neglect has occurred.

Finally, 22 VAC 40-700-20 describes "Level 2" as:

> those injuries/conditions, real or threatened, that result in or were likely to have resulted in moderate harm to a child.

As we have previously recognized, a showing of actual injury is not required to sustain a finding of physical abuse; mere threat of a physical injury will suffice. See Jackson v. W., 14 Va. App. 391, 402, 419 S.E.2d 385, 391 (1992) ("The Commonwealth's policy is to protect abused children and to prevent further abuse of those children. This policy would be meaningless if a child must suffer an actual injury from the behavior of his or her parent before receiving the Commonwealth's protection. Neither the statute nor the guidelines impose such trauma upon a child.").

In this case, the hearing officer found that Chabolla "held and displayed" a loaded firearm to M.C. "as a means of expressing his frustration" with her behavior. While the hearing officer found that Chabolla did not threaten either child with the firearm itself, he found nonetheless that "[t]he handling of a loaded weapon during a heated verbal altercation meets the departmental definitions for physical abuse, since the potential escalation poses a threat of injury." The circuit court agreed with the hearing officer's findings, as do we.

Under the circumstances, Chabolla's conduct created a "substantial risk of death, disfigurement or impairment of bodily functions" to his children and, thus, meets the definition of physical abuse set forth in 22 VAC 40-705-30. Whether or not Chabolla actually intended to harm M.C. with the firearm is irrelevant to this analysis. The purpose of the regulatory scheme in this instance is to protect children from harm. Here, Chabolla retrieved a loaded handgun in response to his daughter's temper tantrum. By his own admission, Chabolla was angry that day. The dangers inherent in such a situation are as obvious as they are severe.

Therefore, given the evidence in the record and our standard of review, we hold that the hearing officer's finding of "Founded – Physical Abuse – Level Two" is supported by substantial evidence, and we affirm both the circuit court and the hearing officer.

## CONCLUSION

For the foregoing reasons, we hold that, unlike Rule 2A:4(a), Rule 2A:4(b) is not jurisdictional. Thus, the circuit court did not err in refusing to dismiss Chabolla's petition for review for its initial failure to comply with the requirements of Rule 2A:4(b). We further hold that the circuit court did not err in affirming the Agency's finding of "Founded – Physical Abuse – Level Two" since this finding was supported by substantial evidence in the record. Therefore, we affirm the circuit court's ruling in all respects.

Affirmed.