# CIRCUIT COURT OF THE CITY OF RICHMOND

Derrick M. Broadaway

v.

Virginia Board of Dentistry
and Virginia Department
of Health Professionals

March 5, 2015

Case No. CL14-4775

By Judge Melvin R. Hughes, Jr.

This case is before the Court on appeal by petitioner from an order of license revocation by the Virginia Board of Dentistry.

The Board has moved to dismiss the appeal under Rule 2A:4(a) on the ground that the Petition of Appeal was not filed within thirty days of filing the Notice of Appeal. The parties do not dispute that the petition was filed beyond thirty days.

Rather, the petitioner contends that the delay was a result of the unavailability of a hearing transcript. Petitioner contends the transcript was needed to satisfy the requirement of Rule 2A:4(b) that the petitioner "specify the errors assigned [and] state the reasons why the ... case decision is deemed to be unlawful... ." Petitioner also contends that the Board's Motion To Dismiss is itself untimely under Rule 3:8. Thus, petitioner argues the Board has waived any objections to the untimely filing of the Petition for Appeal. The Court disagrees and finds that the Board's motion should be granted.

The Board's position is founded on the case of *Chabolla v. Virginia Dept. of Social Servs.*, 55 Va. App. 531, 687 S.E.2d 85 (2010), where the court found that the thirty day filing requirement for a petition for appeal is mandatory and failure to comply deprives the court of jurisdiction. This decision controls notwithstanding petitioner's argument that the Board's Motion To Dismiss is itself untimely filed under Rule 3:8. Rule 2A:5 refers to Rule 3:8 and requires that, upon "[f]urther proceedings" in cases of administrative appeals, there is a twenty-one day limitation for the Board's responses after service by summons of the petition for appeal. Thus, the

Board's motion having been filed beyond twenty-one days cannot be considered. However, as noted, the Board's motion goes to whether the court has the power, jurisdictionally, in light of *Chabolla*, to hear this appeal. Despite petitioner's good faith efforts, this court is required to follow the *Chabolla* direction that "the failure to file the petition for appeal within the prescribed time period `is fatal'." *Chabolla*, 55 Va. App. at 538 (*quoting Mayo v. Department of Commerce*, 4 Va. App. 520, 522, 358 S.E.2d 759 (1987). Further, as to petitioner's argument that the transcript was needed to satisfy the requirements of Rule 2A:4(b), the court held in *Chabolla* "that, while Rule 2A:4(a) is jurisdictional, Rule 2A:4(b) is not." 55 Va. App. at 540. Thus, "[o]nce [the petitioner] timely filed his petition for review in the Circuit Court, he was entitled to ask for, and the Circuit Court was entitled to grant, leave to amend its contents." *Id.*