# CIRCUIT COURT OF THE CITY OF RICHMOND

Chesapeake Bay
Foundation, Inc., *et al.*

v.

Commonwealth of Virginia,
*ex rel.* Virginia State
Water Control Board, *et al.*

July 9, 2015

Case No. CL14-2367

By Judge Clarence N. Jenkins, Jr.

## Background

On July 2, 2015, the parties appeared, by counsel, for Petitioners' appeal of Respondent Virginia State Water Control Board's (the "Board") March 28, 2014, promulgation of amendments to the Virginia Pollution Abatement General Permit Regulation for Animal Feeding Operations, 9 VAC 25-192-10 *et seq.*, and the Virginia Pollution Abatement Permit Regulation, 9 VAC 25-32-10 *et seq.* This Court also heard Respondents', the Commonwealth of Virginia, the Virginia State Water Control Board, the Virginia Department of Environmental Quality, and David K. Paylor (collectively the "Commonwealth"), Motion To Dismiss. Also present in opposition was counsel for Intervenors Virginia Farm Bureau Federation, Virginia Agribusiness Council, Virginia Cattlemen's Association, and the Virginia State Dairymen's Association.

Petitioners assert the Board's promulgated amendments fail to comport with its duties under the Constitution of Virginia, the Code of Virginia, the Chesapeake Bay Total Maximum Daily Load ("TMDL"), and the Virginia Watershed Implementation Plan ("WIP") because the amendments fail to impose a mandatory livestock stream exclusion. Moreover, Petitioners argue the Board erred by rejecting a March 25, 2014, letter from the Environmental Protection Agency to the Board at the March 28, 2014,

board meeting. Lastly, Petitioners argue the Board's decision not to include a mandatory livestock stream exclusion was taken without substantial evidence in the agency record and, as a result, the Board's action was arbitrary and capricious.

Respondents and Intervenors assert the Board's action comports with the Constitution of Virginia, the Code of Virginia, the TMDL, and the WIP to the extent that each is enforceable under the law. Moreover, Respondents and Intervenors assert the Board did not err in rejecting the March 25, 2014, letter. Importantly, both Respondents and Intervenors contend Petitioners failed to properly assign error to their claims under the Constitution of Virginia, the TMDL, the WIP, as well as their procedural claim for excluding the March 25, 2014, letter.

## Standard of Review

This appeal presents issues of statutory interpretation and substantiality of the evidence in the agency record to support the Board's determination. The applicable standards of review are as follows.

A. *Statutory Interpretation*

It is well-settled that:

> courts do not defer to an agency's interpretation [i]f the issue falls outside the area generally entrusted to the agency, and is one in which the courts have a special competence, i.e., the common law or constitutional law ... [a]n agency's legal interpretations of statutes is accorded no deference because [w]e have long held that pure statutory interpretation is the prerogative of the judiciary, and thus, Virginia courts do not delegate that task to executive agencies.

*Commonwealth, ex rel. Va. State Water Control Bd. v. Blue Ridge Envtl. Def. League, Inc.*, 56 Va. App. 469, 481, 694 S.E.2d 290 (2010) (citations omitted).

Therefore, this Court conducts a *de novo* review of issues of law. See Va. Code § 2.2-4027. However:

> [t]hough a court never defers to an administrative [statutory] interpretation, in certain situations a court may afford greater weight than normal to an agency's position. When the statute is obscure or its meaning doubtful, [a court] will give great weight to and sometimes follow the interpretation which those whose duty it has been to administer it have placed upon it ... [b]ut even when great weight is afforded to an administrative interpretation of a statute, such an interpretation does not bind

a court in deciding the statutory issue. In any event, absent ambiguity, the plain language controls and the agency's interpretation is afforded no weight beyond that of a typical litigant.

*Nielsen Co. v. County Bd. of Arlington County*, 289 Va. 79, 88, 767 S.E.2d 1, 6-7 (2015) (citations omitted).

## B. *Factual Findings*

Pursuant to the Virginia Administrative Process Act:

[t]he sole determination as to factual issues is whether substantial evidence exists in the agency record to support the agency's decision. The reviewing court may reject the agency's findings of fact only if, considering the record as a whole, a reasonable mind would necessarily come to a different conclusion. [VAPA] further provides that, in the context of factual issues, the reviewing court shall take due account of the presumption of official regularity, the experience and specialized competence of the agency, and the purposes of the basic law under which the agency has acted.

*Johnston-Willis, Ltd v. Kenley*, 6 Va. App. 231, 242, 369 S.E.2d 1 (1988). The above-listed standards of review are applied in this ruling.

*Ruling*

## A. *Motion To Dismiss*

The Commonwealth requests this Court to dismiss the Petition for Appeal based upon Petitioners' failure to strictly comply with the Virginia Administrative Process Act ("VAPA") and the Rules of the Supreme Court of Virginia by attaching exhibits, namely Exhibits ## 6-9, to their Brief in Support. Alternatively, the Commonwealth requests this Court strike Exhibits ## 6-9.

Petitioners argue this Court should not dismiss the appeal because the appeal is procedurally proper and the exhibits do not unlawfully supplement the record. Petitioners contend the exhibits are not provided to supplement the record, but to give context to the Board's decision. This Court finds as follows.

Pursuant to Va. Code § 62.1-44.24, the Commonwealth waives its sovereign immunity and permits judicial review of State Water Control Board regulations pursuant to VAPA. Pursuant to Va. Code § 2.2-4026, appeals under VAPA must be made pursuant to the Rules of the Supreme Court of Virginia. Rule 2A:3(c) provides:

The record on appeal from an agency proceeding shall consist of all notices of appeal, any application or petition, all orders or regulations promulgated in the proceeding by the agency, the opinions, the transcript or statement of the testimony filed by appellant, and all exhibits accepted or rejected, together with such other material as may be certified by the agency secretary to be a part of the record.

The agency record may only be supplemented where there is no agency record and/or by court order. See Va. Code § 2.2-4027.

It is well-settled that, "[g]enerally, rules governing appeal procedures are mandatory and compliance with them is necessary for the orderly, fair, and expeditious administration of justice. Failure to comply with the rules renders an appeal subject to dismissal." *Mayo v. Department of Commerce*, 4 Va. App. 520, 522, 358 S.E.2d 759 (1987) (citations omitted). However, generally, dismissal is appropriate only where the appellant misses the deadline for noticing and/or filing an appeal. *See id.*

In this case, Petitioners timely noted and filed their appeal. Thus, this Court finds dismissal is not appropriate and as such, this Court denies the Commonwealth's Motion To Dismiss.

Moreover, this Court denies the Commonwealth's Motion To Strike Exhibits ## 6-9. However, this Court notes the exhibits at issue are inconclusive and fail to assist this Court in its opinion. As a result, no portion of this opinion relies upon the exhibits attached to the Brief in Support.

## B. *Assignment of Error # 1: Constitution of Virginia*

Petitioners argue the Board's action violates Article XI, Section 1, of the Constitution of Virginia. Respondents and Intervenors argue Petitioners failed to properly assign error to this claim in their Petition for Appeal and, alternatively, that Article XI, Section 1, is not self-executing.

Petitioners assign error to the Board's decision in paragraphs 49 through 53 of their Petition for Appeal. These paragraphs are silent on the Constitution of Virginia. However, Petitioners raise the issue of constitutionality in paragraphs 29 and 32 of their Petition.

Pursuant to Rule 2A:4, entitled Petition for Appeal:

(a) Within 30 days after the filing of the notice of appeal, the appellant shall file a petition for appeal with the clerk of the circuit court named in the first notice of appeal to be filed. Such filing shall include within such 30-day period both the payment of all fees and the taking of all steps provided in Rule 3:2, 3:3, and 3:4 to cause a copy of the petition for appeal to be served (as in a civil action) on the agency secretary and on

every other party. The petition may be filed electronically as provided under Rule 1:17.

(b) The petition for appeal shall designate the regulation or case decision appealed from, specify the errors assigned, state the reasons why the regulation or case decision is deemed to be unlawful and conclude with a specific statement of the relief requested.

Importantly, "Rule 2A:4(a) is jurisdictional, Rule 2A:4(b) is not." *Chabolla v. Virginia Dep't of Soc. Servs.*, 55 Va. App. 531, 540, 687 S.E.2d 85 (2010). Moreover, the Virginia Court of Appeals has found that when the petitioner puts the respondent on notice, it is sufficient to proceed on the merits of the claim. *See Virginia Bd. of Vet. Med. v. Leonard*, 2014 Va. App. lexis 370 (Va. App. 2014) (unpublished).

Therefore, based on paragraphs 29 and 32 of the Petition, this Court finds Petitioners placed the Commonwealth on sufficient notice of their constitutional claims. Therefore, this Court denies the Commonwealth's motion to strike the constitutional assignment of error and rules as follows.

Article XI, Section I, of the Constitution of Virginia provides:

To the end that the people have clean air, pure water, and the use and enjoyment for recreation of adequate public lands, waters, and other natural resources, it shall be the policy of the Commonwealth to conserve, develop, and utilize its natural resources, its public lands, and its historical sites and buildings. Further, it shall be the Commonwealth's policy to protect its atmosphere, lands, and waters from pollution, impairment, or destruction, for the benefit, enjoyment, and general welfare of the people of the Commonwealth.

It is well settled that:

[a] constitutional provision is self-executing when it expressly so declares ... [e]ven without benefit of such a declaration, constitutional provisions in bills of rights and those merely declaratory of common law are usually considered self-executing. The same is true of provisions which specifically prohibit particular conduct... . Provisions of a Constitution of a negative character are generally, if not universally, construed to be self-executing ... [b]ut Article XI, § 1, is not prohibitory or negative in character. Rather, it confines itself to an affirmative declaration of what the chancellor described as "very broad public policy."

*Robb v. Shockoe Slip Foundation*, 228 Va. 678, 681-82, 324 S.E.2d 674 (1985) (citations omitted).

Therefore, this Court finds Article XI, Section 1, of the Constitution of Virginia, is not self-executing. Alternatively, this Court finds the Board's action is consistent with Article XI, Section 1, of the Constitution of Virginia. Accordingly, this Court dismisses Petitioners' claim that the Board's action violates Article XI, Section 1, of the Constitution of Virginia.

C. *Assignment of Error # 2: Code of Virginia*

Petitioners allege the Board's action violates its statutory duties pursuant to Va. Code § 62.1-44.2, Va. Code § 62.1-44.15, and Va. Code § 62.1-44.17:1. Respondents and Intervenors contend Va. Code § 62.1-44.17:1 more specifically addresses the issues at bar and, therefore, this Court's focus should be limited to Va. Code § 62.1-44.17:1. Moreover, Respondents and Intervenors argue the Board acted pursuant to its statutory directives. This Court finds as follows.

First, it is well established that:

> [i]n conducting appellate review of relevant statutes, [the appeals court] follows established principles of statutory interpretation in which they are bound by the plain meaning of statutory language. Thus, if the language of a statute is unambiguous, courts may not interpret statutory language in a way that effectively holds that the General Assembly did not mean what it actually expressed. When one statute addresses a subject in a general manner and another addresses a part of the same subject in a more specific manner, the two statutes should be harmonized, if possible, and, when they conflict, the more specific statute prevails.

*Alliance to Save the Mattaponi v. Commonwealth*, 270 Va. 423, 439, 621 S.E.2d 78 (2005) (citations omitted).

Therefore, after careful review of the above-listed statutes, this Court finds Va. Code § 62.1-44.17:1 specifically addresses the underlying subject matter. As a result, Va. Code § 62.1-44.17:1 prevails as the controlling statute for this appeal.

Additionally, this Court finds the term "applied" as used in Va. Code § 62.1-44.17:1(E)(3) is ambiguous. Therefore, this Court must look to other words in the statute for context. *See 7-Eleven, Inc. v. Department of Envtl. Quality*, 42 Va. App. 65, 73, 590 S.E.2d 84 (2003) (citations omitted).

Va. Code § 62.1-44.17:1(E)(4) requires records be maintained to demonstrate where and at what rate waste "has been applied." After careful review of the statute, this Court finds "where waste shall not be applied" as used in Va. Code § 62.1-44.17:1(E)(3) means the intentional application of manure into fields or other usage areas. This finding is supported by a holistic reading of Va. Code § 62.1-44.17:1, the legislative history of the

statute, as well as the potentially absurd result of requiring operators to maintain records of random defecation by livestock.

For these reasons, this Court finds Va. Code § 62.1-44.17:1(E) does not require a mandatory livestock stream exclusion. Rather, the statute specifically enumerates the actions the Board must take to alleviate environmental damage from confined animal feeding operations. The statute is silent as to mandatory livestock stream exclusions. Moreover, a plain reading of the statute renders "applied" to mean the intentional application of manure and not the random defecation of livestock. For all of the above reasons, and granting the appropriate weight but not deference to the Board's statutory interpretation, this Court dismisses Petitioners' assignment of error based upon violations of the Virginia Code.

Notably, Va. Code § 62.1-44.2 is a broad policy statement. Therefore, this Court finds, to the extent this Code section specifically addresses any issues on appeal, that Va. Code § 62.1-44.2 does not require any action by the Board and/or that the Board's actions are consistent with Va. Code § 62.1-44.2. Moreover, Va. Code § 62.1-44.15 provides the Board with great deference, and, to the extent this Code section specifically addresses any issues on appeal, this Court finds the statute expressly grants broad discretion to the Board, and, therefore, this Court finds the Board did not err under Va. Code § 62.1-44.15.

## D. *Assignment of Error # 3: TMDL & WIP*

Petitioners argue the Board's action runs contrary to the TMDL and the WIP. Respondents and Intervenors contend Petitioners failed to properly assign error for these claims. Moreover, Respondents and Intervenors argue neither the TMDL nor the WIP are enforceable under the law nor do those documents mandate livestock stream exclusions.

As noted above, Rule 2A:4(b) of the Rules of the Supreme Court of Virginia requires Petitioners to specify the errors assigned. After thorough review, this Court finds Petitioners failed to properly assign error under either the TMDL and the WIP. The Petition for Appeal, unlike the constitutional claim addressed above, is silent on the alleged issues under the TMDL and/or the WIP. Therefore, this Court dismisses Petitioners' claims under the TMDL and the WIP.

However, to the extent Petitioners did properly assign error under the TMDL and/or the WIP, this Court finds neither the TMDL nor the WIP require a mandatory livestock stream exclusion. In fact, both the TMDL and the WIP defers strategy to the states to achieve nutrient and sediment load reductions. As such, this Court finds the Board did not err by failing to mandate livestock stream exclusions. Therefore, this Court dismisses Petitioners' assignment of error under the TMDL and the WIP.

E. *Assignment of Error # 4: Rejection of the March 25, 2014, Letter*

Petitioners allege the Board erred in denying admission of a March 25, 2014, letter from the EPA at the March 28, 2014, meeting. Respondents and Intervenors contend Petitioners failed to properly assign error to this claim. Moreover, Respondents and Intervenors argue Petitioners failed to timely submit the letter at issue and, as a result, the Board's procedural rules prevented consideration of the letter.

Once again, the Petition for Appeal is silent on the issue of the March 25, 2014, letter, and, as a result, this Court finds Petitioner is afoul of Rule 2A:4(b) of the Rules of the Supreme Court of Virginia. Therefore, this Court dismisses Petitioners' assignment of error claiming the Board erred in rejecting the March 25, 2014, letter.

Additionally, assuming *arguendo* Petitioners properly assigned error for this claim, this Court finds the Board properly rejected the letter at the March 28, 2014, meeting pursuant to its public comment and participation procedures. Moreover, to the extent the Board should have accepted the letter, this Court finds the Board's error harmless. Thus, this Court dismisses Petitioners' assignment of error claiming the Board erred in rejecting the March 25, 2014, letter.

F. *Assignment of Error # 5: Substantiality of the Evidence*

This Court finds, after reviewing the record as a whole, substantial evidence exists in the agency record to support the Board's decision. Therefore, this Court dismisses Petitioners' assignment of error alleging the agency record fails to provide substantial evidence to support the Board's decision.

Based on the above rulings, Petitioners' claim for attorney's fees is moot.

As all parties demonstrated, the issue of a healthy Chesapeake Bay resonates with the citizens of the Commonwealth of Virginia and beyond. That being said, it is important to note the scope of the issues before the Court and the limited nature of this Court's review. Thus, this Court affirms the rulings of the Board and dismisses Petitioners' appeal with prejudice.