COURT OF APPEALS OF VIRGINIA

Present: Judges Beales, Russell and Senior Judge Frank

STACY L. ROBERTS

MEMORANDUM OPINION[*]

v.      Record No. 1383-16-3

PER CURIAM
FEBRUARY 14, 2017

VIRGINIA DEPARTMENT OF SOCIAL SERVICES

FROM THE CIRCUIT COURT OF THE CITY OF ROANOKE
Charles N. Dorsey, Judge

(Stacy Roberts, *pro se*, on brief).

(Mark R. Herring, Attorney General; Cynthia V. Bailey, Deputy
Attorney General; Kim F. Piner, Senior Assistant Attorney General;
Eric J. Reynolds, Assistant Attorney General, on brief), for appellee.

Appellant is appealing an order that granted appellee's plea in bar and dismissed

appellant's appeal because the circuit court lacked jurisdiction over the matter. The circuit court

found that appellant did not timely file a petition for appeal as required by Rule 2A:4.

On September 28, 2015, the hearing officer for the Department of Social Services issued

a decision that sustained a child protective services finding of Physical Neglect – Inadequate

Supervision – Level One against appellant. Appellant sent a letter dated October 22, 2015 to the

Appeals and Fair Hearings Unit of the Department of Social Services and informed them that she

wished to appeal the hearing officer's decision. Subsequently, appellant sent a handwritten

"Notice of Appeal," dated November 19, 2015, to the Appeals and Fair Hearings Unit and filed it

with the clerk of the circuit court on November 20, 2015. The "Notice of Appeal" simply stated,

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

"A disposition of 'Founded – Physical Neglect – Inadequate Supervision – Level One' dated on October 21, 2014." In the attached certificate, appellant included the following paragraphs:

> 4. Upon received notification of receipt by Commissioner, Appellant's "Notice to Appeal" per phone confirmation. Appellant appropriately purses petition to the appropriate Court of Appeals.
>
> 5. Once said petition is appropriately acknowledged by herein established Circuit Court, Court of Appeals . . . Appellant will proceed with making the appropriate arrangements to ensure the Commissioner will be served notice of said petition to Appeal.

On March 22, 2016, appellee filed a plea in bar and motion to dismiss. Appellee argued that appellant did not comply with Rule 2A:4 because she did not file a petition for appeal within the required timeframe. Appellee asserted that appellant's failure to perfect her appeal rendered the circuit court without jurisdiction to hear the matter. Appellant filed a pleading in response and argued that the circuit court should hear her appeal.

On June 30, 2016, both parties appeared before the circuit court.[1] After hearing the parties' arguments, the circuit court granted the plea in bar and dismissed the appeal. The circuit court found that appellant did not timely file a petition for appeal pursuant to Rule 2A:4, so the circuit court lacked jurisdiction to hear the matter. The circuit court entered an order reflecting this ruling on July 27, 2016. This appeal followed.

Part 2A of the Rules of the Supreme Court of Virginia governs "appeals pursuant to the Administrative Process Act," and Rule 2A:4 states:

> (a) Within 30 days after the filing of the notice of appeal, the appellant shall file a petition for appeal with the clerk of the circuit court named in the first notice of appeal to be filed. Such filing shall include within such 30-day period both the payment of all fees and the taking of all steps provided in Rule 3:2, 3:3 and 3:4 to cause a copy of the petition for appeal to be served (as in a civil action) on the agency secretary and on every other party. The petition may be filed electronically as provided under Rule 1:17.

---

[1] Although a court reporter was present, the record does not include a transcript or written statement of facts from this hearing.

(b) The petition for appeal shall designate the regulation or case decision appealed from, specify the errors assigned, state the reasons why the regulation or case decision is deemed to be unlawful and conclude with a specific statement of the relief requested.

In Mayo v. Dep't of Commerce, 4 Va. App. 520, 523, 358 S.E.2d 759, 761 (1987), this Court held that the time limit of Rule 2A:4(a) is mandatory. See also Chabolla v. Va. Dep't of Soc. Servs., 55 Va. App. 531, 538, 687 S.E.2d 85, 88-89 (2010). The Court further explained:

[T]he orderly administration of justice requires that certain rules must be obeyed, however technical they may seem to be. This is particularly true of important time limits.

. . . .

The purpose of the specific time limit is not to penalize the appellant but to protect the appellee. If the required papers are not [timely] filed, the appellee is entitled to assume that the litigation is ended, and to act on that assumption. Litigation is a serious and harassing matter, and the right to know when it is ended is a valuable right.

Mayo, 4 Va. App. at 523, 358 S.E.2d at 761 (quoting Avery v. Cty. Sch. Bd., 192 Va. 329, 331, 333, 64 S.E.2d 767, 768, 770 (1951)).

"[A] person aggrieved by a case decision is *required* to follow the appeal procedure . . . by resorting to an appropriate and *timely* court action . . . in the manner provided by the Rules of the Supreme Court of Virginia." Id. (quoting Kenley v. Newport News Gen. & Non-Sectarian Hosp. Assoc., Inc., 227 Va. 39, 46, 314 S.E.2d 52, 56 (1984) (emphasis added)).

In this case, appellant failed to file a petition for appeal within thirty days of filing her notice of appeal. Therefore, appellant did not comply with the requirements of Rule 2A:4. The circuit court did not err in granting the plea in bar and dismissing the matter because it did not have jurisdiction.

Accordingly, we summarily affirm the judgment of the circuit court.[2]  <u>See</u> Rule 5A:27.

<u>Affirmed</u>.

---

[2] On December 9, 2016, appellee filed a motion to dismiss in this Court.  In light of the obvious jurisdictional problems in the circuit court and our decision, therefore, to summarily affirm the circuit court's granting of the plea in bar and dismissing of the appeal, we deny appellee's motion to dismiss in this Court.